622 So.2d 452 (1993)
Daniel Eugene REMETA, Petitioner,
v.
Richard L. DUGGER, etc., Respondent. Daniel Eugene Remeta, Appellant,
v.
State of Florida, Appellee.
Nos. 75564, 78417.
Supreme Court of Florida.
April 15, 1993.
Rehearing Denied June 14, 1993.
*453 Larry Helm Spalding, Capital Collateral Representative, Thomas H. Dunn, Judith J. Dougherty and Fred P. Bingham III, Asst. Capital Collateral Representatives, Office of the Capital Collateral Representative, Tallahassee, and Billy H. Nolas, Sp. Appointed CCR, Ocala, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen. and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for respondent/appellee.
PER CURIAM.
Daniel Eugene Remeta, who is under a sentence of death, seeks post-conviction relief. He appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief and petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const. For the reasons expressed, we affirm the trial court's order and deny Remeta's habeas petition.
Remeta was involved in a series of murders and robberies throughout three states during a two-week period in 1985. In Florida, he was charged with robbery and the murder of a convenience store clerk. At trial, he defended those charges on the grounds that he was not the individual who actually committed the murder. He was convicted as charged, and, pursuant to a unanimous jury recommendation, was sentenced to death. This Court affirmed that conviction in Remeta v. State, 522 So.2d 825 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 182, 102 L.Ed.2d 151 (1988). After a death warrant was signed, Remeta filed a rule 3.850 motion with the circuit court and a petition for a writ of habeas corpus with this Court to stay his execution.[1] The trial judge stayed the execution and set an evidentiary hearing on the claim of ineffective assistance of counsel contained in Remeta's rule 3.850 motion. The trial judge found that all of Remeta's other claims lacked merit or were procedurally barred. After the evidentiary hearing, the circuit judge entered an order denying Remeta's rule 3.850 motion and this appeal followed.
Remeta raises a total of sixteen claims in his appeal and habeas petition. He contends that: (1) his penalty phase counsel was ineffective; (2) his trial and penalty phase counsel were ineffective for failing to present a voluntary intoxication defense; (3) he was not afforded a full and fair evidentiary hearing; (4) his Kansas City counsel was ineffective in allowing him to make incriminating statements; (5) he is being illegally detained in Florida; (6) certain evidence was improperly admitted at trial as Williams[2] rule evidence; (7) certain photographs were improperly admitted at trial; (8) he was denied a fair trial and sentencing proceeding because he was required to stand trial in leg irons; (9) the burden of proof was improperly shifted to him to prove that the death penalty was inappropriate; (10) the jury received improper jury instructions during the penalty phase proceeding; (11) his sentence of death was based upon an unconstitutionally obtained prior conviction; (12) the trial court improperly asserted that sympathy towards him was an improper consideration; (13) nonstatutory aggravating factors were improperly introduced so as to pervert the sentencing phase of his trial; (14) his sentencing jury was misled and misinformed by instructions and arguments; (15) the application of Florida Rule of Criminal Procedure 3.851 violated his rights to due process, equal protection, and access to courts; and (16) the prosecutor improperly argued that evidence of mitigation should be disregarded.
*454 The majority of these issues are procedurally barred or otherwise without merit. As we stated in Medina v. State, 573 So.2d 293, 295 (Fla. 1990) (citation omitted): "Proceedings under rule 3.850 are not to be used as a second appeal. Moreover, it is inappropriate to use a different argument to relitigate the same issue." Likewise, issues that could have been raised on direct appeal, but were not, are noncognizable claims through collateral attack. Johnson v. State, 593 So.2d 206 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992); Smith v. State, 445 So.2d 323 (Fla. 1983), cert. denied, 467 U.S. 1220, 104 S.Ct. 2671, 81 L.Ed.2d 375 (1984). In applying this standard to the arguments raised by Remeta, we find that issues four, seven through nine, eleven through fourteen, and sixteen, are all procedurally barred because they should have been raised on direct appeal but were not. Similarly, issue six was previously raised on direct appeal and specifically rejected by this court. Issue five presents a novel argument regarding extradition; however, we find that claim to be without merit and to be inappropriately raised in a 3.850 motion. Consequently, we deny these claims.
Next, we address Remeta's ineffective assistance of counsel claims set forth in issues one and two. Under the two-prong test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Remeta must demonstrate (1) that the performance of his counsel was deficient and (2) that there is a reasonable probability that the outcome of the proceeding would have been different.
In issue one, Remeta argues that his penalty phase counsel was ineffective because she had never presented a penalty phase proceeding before and was not competent to conduct the proceeding. He claims that, due to her inexperience, she was unaware of the significance of brain damage as a mitigating factor, and consequently, that she failed to require the mental health experts to order additional tests to determine whether Remeta was brain damaged. Had she done so, according to Remeta, there is a reasonable probability that the outcome of the penalty phase proceeding would have been different. After the evidentiary hearing on this issue, the trial judge ruled that Remeta "has not shown ... that counsel's conduct was substandard in failing to present material evidence in the sentencing phase, or that any conduct of counsel was prejudicial to [Remeta]." State v. Remeta, No. 85-1471-CF-A-Y (Fla. 5th Cir.Ct. July 31, 1991) (Order Denying Defendant's 3.850 Motion For New Trial and/or Sentencing). We agree.
Remeta was represented by two attorneys, one of whom had primary responsibility for the guilt phase of the proceeding, and one of whom had primary responsibility for the penalty phase of the proceeding. The first was an experienced attorney who had conducted a number of capital trials and who assisted the other attorney in her representation of the penalty phase. The fact that the second attorney was presenting a penalty phase proceeding for the first time or that she failed to pursue additional information regarding a mitigating factor is not, in and of itself, sufficient to render her performance deficient. As the United States Supreme Court noted in Strickland:
A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance....
466 U.S. at 689, 104 S.Ct. at 2065 (citation omitted). However, even if we were to determine that counsel's performance in this case was deficient, we find that Remeta has failed to establish the second prong of the Strickland test  prejudice.
The facts reflect that Remeta clearly premeditated the robbery and murder and that he appreciated the consequences of the crime. Additionally, substantial evidence in mitigation was presented to the jury at *455 trial, and the trial court specifically found that the aggravating circumstances far outweighed the mitigating circumstances. At the evidentiary hearing on this 3.850 motion, the mental health expert who testified on Remeta's behalf at trial stated that, even if he had ordered additional testing, he would not have found the two additional statutory mitigators to rebut the aggravating circumstances. Given that the mental health expert's original testimony would not have significantly changed even if he had been provided with the new evidence regarding brain damage, we find that the proceeding was not rendered fundamentally unfair or unreliable by the lack of this evidence at trial.
In issue two, Remeta argues that his counsel was ineffective for failing to present a voluntary intoxication defense. At the conclusion of the evidentiary hearing, the trial judge found
The Defendant's theory at trial was that his accomplice was the primary perpetrator and trigger man in the killing. An intoxication defense would be inconsistent with Remeta's contention that he did not commit the crime. Defense Counsel testified that as a matter of tactic and strategy they rejected voluntary intoxication as a defense in favor of the theory that the Defendant was not the trigger man. Defendant has not shown any reason to suggest that trial counsel was ineffective in making that decision.
State v. Remeta, No. 85-1471-CF-A-Y (Fla. 5th Cir.Ct. July 31, 1991) (Order Denying Defendant's 3.850 Motion For New Trial and/or Sentencing) (citations omitted). The decision not to present a voluntary intoxication defense was a tactical one based on what Remeta's counsel felt the facts of the case supported. We agree with the trial judge's decision that Remeta's counsel was not ineffective in failing to raise this claim at trial. Ferguson v. State, 593 So.2d 508 (Fla. 1992); Engle v. Dugger, 576 So.2d 696 (Fla. 1991); Henderson v. Dugger, 522 So.2d 835 (Fla. 1988).
In his third claim, Remeta asserts that he was not afforded a full and fair evidentiary hearing. In support of this claim, he contends that the trial judge denounced mitigation evidence in general and improperly raised an issue regarding "a religious code of conduct." Additionally, he contends that the statements made by the judge reflect a complete lack of understanding regarding the relevance of a deprived background or mental disability to mitigation. We are not persuaded. Although the judge's statements may seem improper when taken out of context, the record reflects that the judge liberally allowed Remeta to introduce evidence during the five-day evidentiary hearing and gave appropriate consideration to the mitigating circumstances in this case.
In his tenth claim, Remeta's argues that the jury received no limiting instructions regarding the elements of the aggravating factors on which the jury was instructed. Consequently, Remeta contends that those instructions were unconstitutionally vague, thus leaving the jury with unbridled discretion in determining whether the aggravating circumstances exist. Those aggravating factors included: 1) that the murder was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification; 2) that the murder was committed during the commission of a robbery; 3) that the murder was committed with the intent to avoid arrest; and 4) Remeta's prior record. Remeta asserts that the recent holding of the United States Supreme Court in Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), demonstrates that this Court's previous evaluations of jury instructional error were flawed.
In Espinosa, the United States Supreme Court determined that an aggravating circumstance is invalid "if its description is so vague as to leave the sentencer without sufficient guidance for determining the presence or absence of the factor." ___ U.S. at ___, 112 S.Ct. at 2928. However, under the facts of this case, we find that we need not reach the issue of whether the jury instructions concerning the aggravating circumstances were unconstitutionally *456 vague. First, this issue was not properly raised before the trial court, and, as such, has not been preserved for appeal.[3]See, e.g., Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992) (similar argument regarding vagueness of jury instruction would not be heard by United States Supreme Court when found not to be properly preserved). Second, even if the instructions were found to be invalid, their use would be found to constitute harmless error given that the record in this case supports a finding, beyond a reasonable doubt, of each aggravating circumstance argued before the jury. Melendez v. State, 498 So.2d 1258 (Fla. 1986); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Finally, we address Remeta's fifteenth claim, in which he argues that the application of Florida Criminal Rule of Procedure 3.851 to his case has violated his rights to due process, equal protection, and access to the courts. Under the two-year limitation provision of rule 3.850, Remeta had until October 3, 1990, to file for post-conviction relief. However, the Governor signed a death warrant against Remeta on January 10, 1990, and Remeta's execution was scheduled for March 4, 1990. Under rule 3.851 and the ten-day extension granted by this Court, Remeta's pleadings were required to be filed by February 19, 1990. According to Remeta, this eight month acceleration violated his rights under the constitution. We have previously determined that this type of claim has no merit because rule 3.850 "merely provides a time period after which petitions may not be filed." Cave v. State, 529 So.2d 293, 299 (Fla. 1988). In no way does that rule act to prohibit the Governor of Florida from signing a death warrant until two years after a death sentence becomes final.
Accordingly, we affirm the trial court's order and deny the petition for writ of habeas corpus.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have consolidated the 3.850 appeal and the habeas petition. All but one of the habeas issues duplicate the issues raised in the 3.850 appeal and will not be addressed separately.
[2] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[3] Remeta's counsel, through a motion in limine, merely objected to the application of the aggravating factors; counsel made no objection to the form or purported vagueness of the factors.