W. SHARP, Judge.
Wright appeals from a summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He argues that he was subjected to an unlawful search and seizure, and that defense counsel failed to file a motion to suppress the allegedly tainted evidence. We affirm.
Taking judicial notice of our records in Wright’s prior direct appeal,[1] we note that defense trial counsel did, in fact, file a motion to suppress, arguing the police did not have a reasonable suspicion to stop Wright. The ineffective assistance claim is refuted by our own records.
We also note Wright took a direct appeal after he pled guilty, reserving his right to appeal the trial court’s denial of his motion to suppress. Since the suppression issue was raised and decided on direct appeal, clearly it cannot be rehashed in the context of a rule 3.850 motion. See Remeta v. Dugger, 622 So.2d 452, 454 (Fla.1993) (grounds which were or should have been raised on appeal may not be raised in a collateral proceeding).
AFFIRMED.
HARRIS, CJ., and DIAMANTES, J., concur.

. Wright v. State, 642 So.2d 1380 (Fla. 5th DCA 1994).