W. SHARP, Judge.
Epps appeals from the order of the trial court denying his motion for post conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Epps argued his trial counsel was ineffective for several reasons. On appeal, Epps addresses only two grounds. We affirm.
The trial court held a hearing on Epps’ motion. It found that there was no substantial or serious deficiency on trial counsel’s part that fell below the standard for competent defense counsel, and that there was no showing that any of the defects alleged by Epps in his counsel’s conduct of the trial would have affected the outcome. In fact, the trial court concluded that defense counsel did an exemplary job defending Epps.
Both grounds which Epps has briefed in this appeal were also addressed by him in connection with his direct appeal, which this court affirmed in 1992. First, he argues that his trial counsel was ineffective for failing to make a timely objection to comments by the prosecutor in closing argument. The prosecutor indicated that in his opinion it was fortunate that Epps had not committed a violent crime earlier on the night of the robbery involved in this case. This point was raised in the direct appeal and decided adversely to Epps.
Second, Epps argues that his defense counsel failed to timely object to an instruction on flight. However, this point was also raised in Epps’ direct appeal, and defense counsel did in fact object to the instruction. Since there was evidence to support the flight instruction, this court concluded that no error occurred.
A motion for post conviction relief is not a vehicle for obtaining a second appeal. Matters raised on direct appeal and decided adversely to the appellant cannot be rehashed in a rule 3.850 motion. Remeta v. Dugger, 622 So.2d 452 (Fla.1993); McCrae v. State, 437 So.2d 1388 (Fla.1983); Hayes v. State, 598 So.2d 135 (Fla. 5th DCA 1992). Since both of the issues raised in Epps’ appeal from the denial of his rule 3.850 motion were raised and decided adversely to his in his direct appeal, he is not entitled to post conviction relief. See Medina v. State, 573 So.2d 293 (Fla.1990).
AFFIRMED.
GOSHORN and DIAMANTIS, JJ., concur.