546 So.2d 720 (1989)
Leonard Lee SMALLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 72785.
Supreme Court of Florida.
July 6, 1989.
*721 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Leonard Lee Smalley appeals from a death sentence imposed after he was found guilty of murder. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
A Sumter County grand jury indicted Smalley for first-degree premeditated murder in the death of twenty-eight-month-old Julie Anne Cook. According to a detailed confession he gave after her death, and his testimony at trial, the facts are these:
Smalley was living with Julie, her two siblings, and their mother, Cecelia Cook, who was separated from her children's father. On the day of the murder, Smalley was baby-sitting Julie while Ms. Cook worked. The child, who had been ill with a virus, began crying and whining for her mother. He struck the child in order to quiet her down. This quieted her, but soon she began crying and whining again, so Smalley again struck her. This pattern went on throughout the day, with one variation. On three separate occasions, he repeatedly dunked Julie's head into water. Shortly after the third such episode failed to stop Julie from crying, Smalley picked her up by her feet and banged her head on a carpeted floor several times. Julie lost consciousness at this point, but was still breathing. Smalley wrapped her in a sheet and put her on his waterbed.
When he checked three hours later, Julie had quit breathing. Smalley and a neighbor tried cardiopulmonary resuscitation, to no avail, and the child was rushed to the doctor, who pronounced her dead. An autopsy determined that she died of a cerebral hemorrhage. The entire episode of abuse had taken about eight hours. After initially claiming that the child had fallen in the bathtub, Smalley gave police a detailed statement.
While the indictment charged Smalley with premeditated murder, before trial the state elected also to proceed on a theory of felony murder, with aggravated child abuse as the underlying felony. The jury found Smalley guilty of murder, but did not specify whether it was by premeditation or felony murder.
In the penalty phase, the state argued that the crime was especially heinous, atrocious, or cruel and that it was committed in a cold, calculated, or premeditated manner. The defense presented considerable evidence in mitigation. The jury, by a ten-to-two vote, recommended that Smalley be executed.
The trial judge found only one aggravating factor: the murder was especially heinous, atrocious, or cruel. He found four statutory mitigating circumstances: the lack of a prior criminal history, extreme mental and emotional disturbance, extreme duress or the substantial domination of another person, and substantial impairment of capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law. Under the catch-all nonstatutory mitigation category, the judge found three other factors: the fact that Smalley was an abused child, his good work record and the high esteem in which his coworkers held him, and his genuine remorsefulness. The trial court found the aggravation outweighed the mitigation and imposed a death sentence.
Smalley does not challenge the finding of guilt, but we have reviewed the record and find no reason to disturb the jury's verdict. The evidence amply supports a conviction on the theory of felony murder. Smalley's challenge concerns the sentence, which he argues should be set aside. He raises only two main points on that issue.
*722 His first claim involves the aggravating circumstance that the killing was especially heinous, atrocious, or cruel. His argument is predicated on the United States Supreme Court's recent decision in Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). In that case, the Court relied upon its early decision in Godfrey v. Georgia, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), to hold that Oklahoma's aggravating factor of "especially heinous, atrocious, or cruel" was unconstitutionally vague. Smalley argues that because Florida uses the same words (section 921.141(5)(h), Florida Statutes (1987)), Florida's aggravating factor also is unconstitutionally vague under the eighth amendment.
Initially, we note that Smalley did not object to the standard jury instruction given on this subject which explained that in order for this circumstance to be applicable, it was necessary for the crime to have been especially wicked, evil, atrocious, or cruel. Therefore, to the extent that Smalley now complains of the jury instruction, the point has been waived. Sullivan v. State, 303 So.2d 632 (Fla. 1974), cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976). However, Smalley's claim has broader implications because he contends that the aggravating circumstance of heinous, atrocious, or cruel is unconstitutionally vague under the eighth and fourteenth amendments. In order to set the issue at rest, we will discuss the merits of Smalley's argument.
It is true that both the Florida and Oklahoma capital sentencing laws use the phrase "especially heinous, atrocious, or cruel." However, there are substantial differences between Florida's capital sentencing scheme and Oklahoma's. In Oklahoma the jury is the sentencer, while in Florida the jury gives an advisory opinion to the trial judge, who then passes sentence. The trial judge must make findings that support the determination of all aggravating and mitigating circumstances. Thus, it is possible to discern upon what facts the sentencer relied in deciding that a certain killing was heinous, atrocious, or cruel.
This Court has narrowly construed the phrase "especially heinous, atrocious, or cruel" so that it has a more precise meaning than the same phrase has in Oklahoma. In State v. Dixon, 283 So.2d 1, 9 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974), we said:
It is our interpretation that heinous means extremely wicked or shockingly evil; that atrocious means outrageously wicked and vile; and, that cruel means designed to inflict a high degree of pain with utter indifference to, or even enjoyment of, the suffering of others. What is intended to be included are those capital crimes where the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim.
It was because of this narrowing construction that the Supreme Court of the United States upheld the aggravating circumstance of heinous, atrocious, or cruel against a specific eighth amendment vagueness challenge in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). Indeed, this Court has continued to limit the finding of heinous, atrocious, or cruel to those conscienceless or pitiless crimes which are unnecessarily torturous to the victim. E.g., Garron v. State, 528 So.2d 353 (Fla. 1988); Jackson v. State, 502 So.2d 409 (Fla. 1986), cert. denied, 482 U.S. 920, 107 S.Ct. 3198, 96 L.Ed.2d 686 (1987); Jackson v. State, 498 So.2d 906 (Fla. 1986); Teffeteller v. State, 439 So.2d 840 (Fla. 1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 754 (1984). That Proffitt continues to be good law today is evident from Maynard v. Cartwright, wherein the majority distinguished Florida's sentencing scheme from those of Georgia and Oklahoma. See Maynard v. Cartwright, 108 S.Ct. at 1859.
Smalley's remaining argument against his death sentence rests upon the doctrine of proportionality. This is a process whereby this Court compares the circumstances present in the case before it to similar cases. The aim is to ensure that capital punishment is inflicted only in "the *723 most aggravated, the most indefensible of crimes." State v. Dixon, 283 So.2d at 8. This facet of our Court's review also helped persuade the Proffitt court that the death penalty would not be capriciously imposed in Florida. 428 U.S. at 258-60, 96 S.Ct. at 2969-70.
Smalley contends that death was an inappropriate sentence in light of the one aggravating circumstance and seven statutory and nonstatutory mitigating factors found by the trial court. The trial court's finding that the crime was especially heinous, atrocious, or cruel is well supported by the record. Yet, it is unlikely that Smalley intended to kill the child. Except for the theory of felony murder, it is doubtful that he could have been convicted of a crime greater than second-degree murder. Moreover, the mitigating evidence was not insubstantial.
First, there is the lack of prior significant criminal activity. While Smalley did admit to occasional marijuana use, apparently he was otherwise a law-abiding citizen.
Second, Smalley's mental state was apparently the major contributing factor in the killing. The expert testimony as to Smalley's mental health agreed that his family situation  he and Ms. Cook had lived together a few months and were not getting along, there were severe money difficulties, all three children had been ill, and Smalley had quit his job because he had to stay home with the children while Ms. Cook started a new job  made Smalley severely depressed. The depression, in turn, made it more difficult for him to control his emotions and deprived him of the ability to respond appropriately to emotional stimuli. Thus, he overreacted violently to Julie's incessant crying.
Third, the mental health experts agreed that the circumstances under which Smalley was living, the pressure put on him by Ms. Cook, and some minor marijuana use on the day of the killing combined to impair his ability to appreciate the criminality of his conduct.
Fourth, those who testified on Smalley's behalf were of the opinion that he was a willing worker and a good employee, that he cared deeply for Julie, and that he normally was not abusive to the children.
Fifth, the trial judge noted, and the record bears out, Smalley's genuine remorse.
Any one or two or more of these factors might not, by themselves or collectively, be sufficient to result in a reversal on proportionality grounds. But we believe that the entire picture of mitigation and aggravation was that of a case which does not warrant the death penalty. This case is somewhat like Songer v. State, 544 So.2d 1010 (Fla. 1989), in which this Court recently set aside on grounds of proportionality a death sentence predicated upon only one aggravating circumstance in which there were also findings of three statutory mitigating circumstances and additional nonstatutory mitigating circumstances.
We affirm Smalley's conviction of first-degree murder. We commute Smalley's sentence to life in prison without eligibility for parole for twenty-five years from the date of the original sentence, less any county jail time served.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.