626 So.2d 165 (1993)
Henry Jose ESPINOSA, Appellant,
v.
STATE of Florida, Appellee.
No. 73436.
Supreme Court of Florida.
September 2, 1993.
Rehearing Denied November 24, 1993.
*166 Sheryl J. Lowenthal, Sp. Asst. Public Defender, Coral Gables, for appellant.
Robert A. Butterworth, Atty. Gen., Michael J. Neimand and Fariba N. Komeily, Asst. Attys. Gen., Miami, for appellee.

ON REMAND FROM UNITED STATES SUPREME COURT
PER CURIAM.
In Espinosa v. State, 589 So.2d 887 (Fla. 1991), rev'd, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), this Court affirmed Henry Espinosa's sentence of death for the killing of Teresa Rodriguez. Among other aggravating circumstances, the trial judge found that the murder was especially heinous, atrocious, or cruel. Id. at 891. On appeal, Espinosa argued that the jury instruction on especially heinous, atrocious, or cruel was unconstitutionally vague. We rejected Espinosa's complaint on the rationale of Smalley v. State, 546 So.2d 720 (Fla. 1989). Espinosa, 589 So.2d at 894.
In Smalley, the defendant argued that the especially heinous, atrocious, or cruel aggravating circumstance was unconstitutionally vague. 546 So.2d at 722. Because the United States Supreme Court had recently held in Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), that Oklahoma's aggravating factor of "especially heinous, atrocious, or cruel" was unconstitutionally vague, Smalley argued that Florida's similarly worded aggravating factor was also constitutionally flawed. We rejected this contention by pointing out that our Court had given a narrowing construction to the phrase "especially heinous, atrocious, or cruel," so that it had a more precise meaning than the same phrase had in Oklahoma. Smalley, 546 So.2d at 722. We explained that it was because of this narrowing construction that the United States Supreme Court had upheld this aggravating circumstance in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). Smalley, 546 So.2d at 722. In Oklahoma, the jury is the sentencer, whereas in Florida the jury gives an advisory opinion to the trial judge who then imposes the sentence. Therefore, we reasoned that the defendant is given the benefit of the narrowing construction. Id.
The United States Supreme Court has now reversed the death sentence in Espinosa and remanded for further proceedings. Espinosa, ___ U.S. at ___, 112 S.Ct. at 2929. In its opinion, the Court rejected our analysis in Smalley based upon its view that Florida has essentially split the death penalty weighing process between the jury and the trial judge. While the judge makes the final decision, he or she is required to give great weight to the *167 jury's recommendation. Espinosa, ___ U.S. at ___, 112 S.Ct. at 2928. The Court felt that the recommendation in Espinosa may have been flawed because the jury was given the especially heinous, atrocious, or cruel instruction which is invalid without the requisite narrowing language. Id.
Because of this Court's reliance upon Smalley in our original Espinosa opinion, it was unnecessary at that time to examine whether or not there had been a proper objection to the especially heinous, atrocious, or cruel instruction. We now find that Espinosa did file a motion in limine seeking to exclude "especially heinous, atrocious, or cruel" from consideration before both the jury and the judge on the ground that the aggravating factor was unconstitutionally vague. However, it is clear that he never attacked the instruction itself, either by submitting a limiting instruction or making an objection to the instruction as worded. Therefore, he is procedurally barred from complaining of the erroneous instruction.
Even if there were no procedural bar, we are convinced beyond a reasonable doubt that the erroneous instruction would not have affected the jury's recommendation or the trial court's sentence. In our original opinion, we gave the following explanation of the circumstances under which Espinosa and his codefendant, Beltran-Lopez, committed the murder of Teresa Rodriguez that led to their sentences of death:
At one time Espinosa had been neighbors with Bernardo and Teresa Rodriguez and their daughters, Odenia and Odanis. On the night of the murders, Espinosa and Beltran-Lopez went to the Rodriguezes' home. A violent struggle ensued in the kitchen during which the defendants shot and stabbed Bernardo Rodriguez to death. The defendants then grabbed Teresa Rodriguez and dragged her to the master bedroom where apparently Beltran-Lopez suffocated her with a pillow while Espinosa repeatedly stabbed her. The defendants then went to Odanis's room which was locked. Espinosa lured her out by telling her that her mother wanted her. When Odanis opened the door, Beltran-Lopez grabbed her while Espinosa repeatedly stabbed her. The defendants then left, taking some money with them. Odanis's sister, Odenia, telephoned a family friend who came and took the sisters to the hospital.
Espinosa, 589 So.2d at 889-90. In view of the medical examiner's testimony that Teresa was alive while she was being suffocated and repeatedly stabbed, we are convinced the jury would have found that the crime was especially heinous, atrocious, or cruel even with the proper limiting instruction. Moreover, there were three other strong aggravating circumstances, including the murder of Teresa's husband, to be weighed against only the statutory mitigation of no significant criminal history and nonstatutory mitigation that Espinosa was a "good man." The error was harmless beyond a reasonable doubt.
Accordingly, we reaffirm Espinosa's sentence of death.
It is so ordered.
OVERTON, McDONALD, GRIMES and HARDING, JJ., concur.
SHAW, J., concurs in result only with an opinion.
KOGAN, J., dissents with an opinion, in which BARKETT, C.J., concurs.
SHAW, Justice, concurring in result only.
In my opinion, Espinosa properly preserved the issue concerning the vagueness of the heinous, atrocious, or cruel aggravating factor by filing a motion in limine in the trial court seeking to exclude this factor from consideration by the jury on the ground that it was unconstitutionally vague. Once this motion was denied, Espinosa may reasonably have concluded that further objection would be futile and could alienate the judge. The majority's requirement that the defendant additionally object to the instruction itself or submit an alternative instruction is hypertechnical and unrealistic. A man's sentence of death should not hang on such gamesmanship.
I nevertheless agree with the majority that the giving of the improper instruction was harmless here in light of the entire record *168 and the jury's eleven-to-one vote in favor of death.
KOGAN, Justice, dissenting.
I dissent for the reasons stated in my original dissent and Chief Justice Barkett's dissent prior to this remand, on grounds that Espinosa's trial was improperly joined with that of his codefendant. Espinosa v. State, 589 So.2d 887, 894-95 (Fla. 1991) (Barkett, J., & Kogan, J., dissenting). Because I believe a new trial should be ordered, I do not reach the other matters addressed in the majority opinion on remand.
BARKETT, C.J., concurs.