626 So.2d 163 (1993)
Mauricio BELTRAN-LOPEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 73437.
Supreme Court of Florida.
September 2, 1993.
Rehearing Denied November 22, 1993.
Nancy C. Wear of Essen & Essen, P.A., North Miami Beach, for appellant.
Robert A. Butterworth, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., Miami, for appellee.

ON REMAND FROM UNITED STATES SUPREME COURT
PER CURIAM.
In Beltran-Lopez v. State, 583 So.2d 1030 (Fla. 1991), vacated and remanded, ___ U.S. ___, 112 S.Ct. 3021, 120 L.Ed.2d 893 (1992), this Court affirmed Mauricio Beltran-Lopez's sentence of death for the killing of Teresa Rodriguez. Among other aggravating circumstances, the trial judge found that the murder was especially heinous, atrocious, or cruel. Id. at 1031. On appeal, Beltran-Lopez argued that the jury instruction on especially heinous, atrocious, or cruel was unconstitutionally vague. We dismissed Beltran-Lopez's contention by referring to Espinosa v. State, 589 So.2d 887 (Fla. 1991), rev'd, ___ U.S. ___, 112 S.Ct. 2926, 120 *164 L.Ed.2d 854 (1992),[1] in which we had rejected the same argument on the rationale of Smalley v. State, 546 So.2d 720 (Fla. 1989). Beltran-Lopez, 583 So.2d at 1032.
In Smalley, the defendant argued that the especially heinous, atrocious, or cruel aggravating circumstance was unconstitutionally vague. 546 So.2d at 722. Because the United States Supreme Court had recently held in Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), that Oklahoma's aggravating factor of "especially heinous, atrocious, or cruel" was unconstitutionally vague, Smalley argued that Florida's similarly worded aggravating factor was also constitutionally flawed. We rejected this contention by pointing out that our Court had given a narrowing construction to the phrase "especially heinous, atrocious, or cruel," so that it had a more precise meaning than the same phrase had in Oklahoma. Smalley, 546 So.2d at 722. We explained that it was because of this narrowing construction that the United States Supreme Court had upheld this aggravating circumstance in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). Smalley, 546 So.2d at 722. In Oklahoma, the jury is the sentencer, whereas in Florida the jury gives an advisory opinion to the trial judge who then imposes the sentence. Therefore, we reasoned that the defendant is given the benefit of the narrowing construction. Id.
In Beltran-Lopez v. Florida, ___ U.S. ___, 112 S.Ct. 3021, 120 L.Ed.2d 893 (1992), the United States Supreme Court has now reversed the death sentence in Beltran-Lopez and remanded for further proceedings in light of its opinion in Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). In Espinosa, the United States Supreme Court rejected our analysis in Smalley based upon its view that Florida has essentially split the death penalty weighing process between the jury and the trial judge. While the judge makes the final decision, he or she is required to give great weight to the jury's recommendation. Espinosa, ___ U.S. at ___, 112 S.Ct. at 2928. The Court felt that the recommendation in Espinosa may have been flawed because the jury was given the especially heinous, atrocious, or cruel instruction which is invalid without the requisite narrowing language. Id.
Because of this Court's reliance upon Smalley in our rejection of Beltran-Lopez's contention, it was unnecessary at that time to examine whether or not there had been a proper objection to the especially heinous, atrocious, or cruel instruction. We now find that Beltran-Lopez did join in a motion in limine seeking to exclude "especially heinous, atrocious, or cruel" from consideration before both the jury and the judge on the ground that the aggravating factor was unconstitutionally vague. However, it is clear that he never attacked the instruction itself, either by submitting a limiting instruction or making an objection to the instruction as worded. Therefore, he is procedurally barred from complaining of the erroneous instruction.
Even if there were no procedural bar, we are convinced beyond a reasonable doubt that the erroneous instruction would not have affected the jury's recommendation or the trial court's sentence. In our original Espinosa opinion, we gave the following explanation of the circumstances under which Beltran-Lopez and his codefendant, Espinosa, committed the murder of Teresa Rodriguez that led to their sentences of death:
At one time Espinosa had been neighbors with Bernardo and Teresa Rodriguez and their daughters, Odenia and Odanis. On the night of the murders, Espinosa and Beltran-Lopez went to the Rodriguezes' home. A violent struggle ensued in the kitchen during which the defendants shot and stabbed Bernardo Rodriguez to death. The defendants then grabbed Teresa Rodriguez and dragged her to the master bedroom where apparently Beltran-Lopez suffocated her with a pillow while Espinosa repeatedly stabbed her. The defendants then went to Odanis's room which was locked. Espinosa lured her out by telling her that her mother wanted her. When Odanis opened the door, Beltran-Lopez grabbed her while Espinosa repeatedly stabbed her. The defendants then left, taking some money with them. Odanis's *165 sister, Odenia, telephoned a family friend who came and took the sisters to the hospital.
Espinosa, 589 So.2d at 889-90. In view of the medical examiner's testimony that Teresa was alive while she was being suffocated and repeatedly stabbed, we are convinced the jury would have found that the crime was especially heinous, atrocious, or cruel even with the proper limiting instruction. Moreover, there were three other strong aggravating circumstances, including the murder of Teresa's husband, to be weighed against only the statutory mitigation of no significant criminal history and nonstatutory mitigation that Beltran-Lopez was a "good son." The error was harmless beyond a reasonable doubt.
Accordingly, we reaffirm Beltran-Lopez's sentence of death.
It is so ordered.
OVERTON, McDONALD, GRIMES and HARDING, JJ., concur.
SHAW, J., dissenting with an opinion.
KOGAN, J., dissenting with an opinion, in which BARKETT, C.J., concurs.
SHAW, Justice, dissenting.
In my opinion, Beltran-Lopez properly preserved the issue concerning the vagueness of the heinous, atrocious, or cruel aggravating factor by filing a motion in limine in the trial court seeking to exclude this factor from consideration by the jury on the ground that it was unconstitutionally vague. Once the motion was denied, Beltran-Lopez may reasonably have concluded that further objection would be futile and could alienate the judge in the upcoming trial. The majority's requirement that the defendant additionally object to the instruction itself or submit an alternative instruction is hypertechnical and unrealistic. A man's sentence of death should not hang on such legal gamesmanship.
In light of the fact that the jury recommended death by only an eight-to-four margin, I cannot say with assurance "that there is no reasonable possibility that the [erroneous instruction] contributed to the [recommendation]," as required under State v. DiGuilio, 491 So.2d 1129, 1138 (Fla. 1986). Accordingly, I would vacate the death sentence and remand for resentencing before a lawfully instructed jury.
KOGAN, Justice, dissenting.
I dissent for the reasons stated in my original dissent and Chief Justice Barkett's dissent prior to this remand, on grounds that Beltran-Lopez' trial was improperly joined with that of his codefendant. Beltran-Lopez v. State, 583 So.2d 1030, 1033 (Fla. 1991) (Barkett, J., & Kogan, J., dissenting); see Espinosa v. State, 589 So.2d 887, 894-95 (Fla. 1991) (Barkett, J., & Kogan, J., dissenting). Because I believe a new trial should be ordered, I do not reach the other matters addressed in the majority opinion on remand.
BARKETT, C.J., concurs.
NOTES
[1] Beltran-Lopez and Espinosa had been tried together for the murder of Teresa Rodriguez.