640 So.2d 1102 (1994)
David Eugene JOHNSTON, Petitioner,
v.
Harry K. SINGLETARY, et al., Respondents.
No. 82457.
Supreme Court of Florida.
June 23, 1994.
Rehearing Denied August 18, 1994.
Michael J. Minerva, Capital Collateral Representative, Martin J. McClain, Chief Asst. CCR and Daren L. Shippy, Asst. CCR, *1103 Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for respondents.
PER CURIAM.
David Eugene Johnston is a prisoner under sentence of death. Recently, the United States District Court for the Middle District of Florida in reviewing a petition for habeas corpus found error at Johnston's original sentencing. Johnston v. Singletary, No. 91-797-CIV-ORL-22 (M.D.Fla. Sept. 16, 1993). The court held that the heinous, atrocious, or cruel jury instruction was constitutionally infirm under Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). With regard to this issue, the district court stated:
Accordingly, because only the Florida courts can determine the proper approach to [Johnston's] sentencing, the writ of habeas corpus will be conditionally granted, within sixty (60) days from the date of this Order, unless the State of Florida initiates appropriate proceedings in state court. Because a new sentencing hearing before a jury is not constitutionally required, the State of Florida may initiate whatever state court proceedings it finds appropriate, including seeking a life sentence or the performance of a reweighing or harmless error analysis by the Florida Supreme Court.
Johnston, slip op. at 28. The State filed a timely motion asking this Court to review the application of the heinous, atrocious, or cruel aggravating factor in this case. In view of the federal district court's order, we concluded to do so. We have jurisdiction under article V, section 3(b)(1) and (7) of the Florida Constitution.
In 1984, Johnston was convicted of the first-degree murder of an eighty-four-year-old woman. During the sentencing phase, the trial court charged the jury on the heinous, atrocious, or cruel aggravating factor, using an instruction identical to the one found unconstitutional in Espinosa. Subsequently, the jury recommended death by a vote of eight to four. The trial court, finding three aggravating factors[1] and no mitigation, followed the jury's recommendation and sentenced Johnston to death.
On appeal, this Court affirmed the conviction and sentence. Johnston v. State, 497 So.2d 863, 865 (Fla. 1986). In addressing Johnston's argument that the evidence did not support a finding of heinous, atrocious, or cruel, we stated:
The trial court cites to the testimony of a medical examiner to support its finding that the murder was especially heinous, atrocious, or cruel. The medical examiner testified that the victim, an 84-year-old woman who had retired to bed for the evening, was strangled and stabbed three times completely though [sic] the neck and twice in the upper chest. The medical examiner's testimony also revealed that it took the helpless victim three to five minutes to die after the knife wound severed the jugular vein. The court also mentioned, correctly, that the victim was in terror and experienced considerable pain during the murderous attack. The heinous, atrocious or cruel aggravating circumstance was properly applied in this instance.
Id. at 871 (citations omitted).
In 1988, after a warrant for his death was signed by the governor, Johnston filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, Johnston challenged the constitutionality of the heinous, atrocious, or cruel jury instruction given in his case. The court denied Johnston's 3.850 motion, specifically finding the challenge to the heinous, atrocious, or cruel jury instruction procedurally barred because it could have and should have been raised on direct appeal.
Subsequently, Johnston appealed the denial of postconviction relief and filed a petition *1104 for writ of habeas corpus. In both, Johnston claimed that the trial court erred in failing to properly instruct the jury on the heinous, atrocious, or cruel aggravating factor. This Court affirmed the denial of 3.850 relief and denied the habeas petition. Johnston v. Dugger, 583 So.2d 657, 663 (Fla. 1991) (hereinafter Johnston II). Regarding the 3.850 appeal, we rejected the jury instruction claim stating that it was "without merit or ... procedurally barred because [it has] been or should have been raised on direct appeal." Id. at 662. We stated that the corresponding habeas claim was "procedurally barred because [it was] raised or should have been raised on direct appeal." Id. at 663.
Johnston next raised the heinous, atrocious, or cruel jury instruction claim in the federal habeas petition referred to above. The federal district court judge concluded that from the face of our opinion upholding the denial of Johnston's motion for postconviction relief, she could not determine that the rejection of this claim was based on the independent state ground that it was not preserved for appeal. Accordingly, the judge addressed the issue on the merits.
The State argues that the issue is procedurally barred. Even if it is not, the State contends that any error was harmless beyond a reasonable doubt. Johnston objects to this Court's entertaining the State's motion and argues that he is entitled to a new sentencing proceeding before a jury. We concede that the language in Johnston II, rejecting the jury instruction claim, is confusing, and we take this opportunity to clarify our position. At the outset, we hold that Johnston's challenge to the heinous, atrocious, or cruel jury instruction is procedurally barred.
In Espinosa v. State, 589 So.2d 887 (Fla. 1991), rev'd, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), this Court affirmed the death sentence of Henry Espinosa. In our opinion, we rejected Espinosa's claim that the heinous, atrocious, or cruel jury instruction was unconstitutionally vague. Id. at 894. Subsequently, the United States Supreme Court reversed Espinosa's death sentence, finding that the jury instruction was invalid without narrowing language. Espinosa, ___ U.S. at ___, 112 S.Ct. at 2928. On remand, we stated:
[I]t was unnecessary [at the time of our original Espinosa opinion] to examine whether or not there had been a proper objection to the especially heinous, atrocious, or cruel instruction. We now find that Espinosa did file a motion in limine seeking to exclude "especially heinous, atrocious, or cruel" from consideration before both the jury and the judge on the ground that the aggravating factor was unconstitutionally vague. However, it is clear that he never attacked the instruction itself, either by submitting a limiting instruction or making an objection to the instruction as worded. Therefore, he is procedurally barred from complaining of the erroneous instruction.
Espinosa v. State, 626 So.2d 165, 167 (Fla. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 2184, 128 L.Ed.2d 903 (1994). Further, we held that, even if the issue were not procedurally barred, the error would have been harmless beyond a reasonable doubt. Id. at 167.
Similarly, during the original proceedings in the instant case, Johnston did not object to the heinous, atrocious, or cruel jury instruction, nor did he request a special or more detailed instruction on this aggravating factor. Johnston's arguments were limited to challenging the constitutionality of the heinous, atrocious, or cruel aggravator itself as being overbroad and vague, and to challenging the application of the aggravator to his case. On direct appeal, Johnston again failed to challenge the instruction. The first time Johnson raised the issue was in his rule 3.850 motion to the circuit court. Under our most recent opinion in Espinosa, the issue is clearly procedurally barred.
Even if the issue were not procedurally barred, "we are convinced beyond a reasonable doubt that the erroneous instruction would not have affected the jury's recommendation or the trial court's sentence." Id. The jury would have found Johnston's brutal stabbing and strangulation of the eighty-four-year-old victim, who undoubtedly suffered great terror and pain before she died, heinous, atrocious, or cruel, even with the *1105 limiting instruction. Further, there were two other strong aggravators and no mitigation present. The error was harmless beyond a reasonable doubt.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW and HARDING, JJ., and McDONALD, Senior Justice, concur.
KOGAN, J., concurs in result only.
NOTES
[1] The three aggravating factors were: previous conviction of a felony involving the use or threat of violence to the person; the capital felony was committed while the defendant was engaged in the commission of a burglary; and the murder was heinous, atrocious, or cruel. § 921.141(5)(b), (d), (h), Fla. Stat. (1983).