PER CURIAM.
We have on appeal the sentence of the trial court imposing the death penalty upon James Dailey. We have jurisdiction. Art. V, § 8(b)(1), Fla. Const. We affirm.
The facts are set out fully in Dailey v. State, 594 So.2d 254 (Fla.1991). Dailey and another man drove fourteen year-old Shelly Boggio to a deserted beach near St. Peters-burg where Dailey tortured her with a knife, *247 attempted to sexually assault her, and then stabbed, strangled and drowned her. Dailey was convicted of first-degree murder and sentenced to death based on five aggravating and no mitigating circumstances.[1] This Court struck two of the aggravating circumstances [2] and, after noting that the trial court had failed to weigh mitigating circumstances, remanded for resentencing before the judge. On remand, the trial judge resentenced Dai-ley to death after finding three aggravating[3] and numerous mitigating circumstances.[4] Dailey raises three issues on appeal.[5]
Dailey’s first claim asserts that the jury recommendation of death was invalid and he was entitled to an entire new penalty phase trial before a new jury for two reasons: First, the original jury was given vague instructions on three aggravating circumstances (HAC, avoid arrest, and CCP); and second, the jury was instructed on two aggravating circumstances (avoid arrest and CCP) that were unsupported by the evidence and later struck by this Court.
As to the first part of his claim, Dailey failed to raise vagueness of the instructions in his initial appeal before this Court. When this Court issued its opinion on appeal, the jury recommendation of death was unchallenged and intact, and we instructed the trial court to hold a new sentencing proceeding before the judge. The trial court cannot now be faulted for following our directions. See Riley v. State, 413 So.2d 1173 (Fla.), cert. denied, 459 U.S. 981, 103 S.Ct. 317, 74 L.Ed.2d 294 (1982).
Further, although Dailey unsuccessfully moved to dismiss the indictment based on vagueness of the statutory aggravating circumstances, he never objected to the jury instructions themselves on vagueness grounds or offered alternative instructions.[6] This claim is thus barred under Beltran-Lopez v. State, 626 So.2d 163 (Fla.1993), cert. denied, — U.S. —, 114 S.Ct. 2122, 128 L.Ed.2d 678 (1994):
We now find that Beltran-Lopez did join in a motion in limine seeking to exclude “especially heinous, atrocious, or cruel” from consideration before both the jury and the judge on the ground that the aggravating factor was unconstitutionally vague. However, it is clear that he never attacked the instruction itself, either by submitting a limiting instruction or making an objection to the instruction as worded. Therefore, he is procedurally barred from complaining of the erroneous instruction.
Id. at 164.
As to the second subpart of Dailey’s initial claim, the United States Supreme Court ruled in Sochor v. Florida, 504 U.S. 527, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992), that a death recommendation was not presumptively invalid where one aggravating circumstance was struck on appeal and three other aggravating circumstances were approved:
[I]f the jury was allowed to rely on any of two or more independent grounds, one of which is infirm, we should [not] presume *248 that the resulting general verdict rested on the infirm ground and must be set aside.... [A] jury is ... indeed likely to disregard an option simply unsupported by evidence.
Sockor, 504 U.S. at 537-38, 112 S.Ct. at 2122. In the present case, although two aggravating circumstances were struck on appeal, three strong aggravating circumstances remained. We will not presume that the jury relied on the infirm aggravating circumstances in recommending death under the circumstances of this case. See, e.g., Oats v. State, 472 So.2d 1143 (Fla.), cert. denied, 474 U.S. 865, 106 S.Ct. 188, 88 L.Ed.2d 157 (1985) (no error where court declined to empanel penalty phase jury on remand where three of six aggravating circumstances were struck on appeal). We find no error.
Dailey next claims that the trial court failed to find and weigh mitigating circumstances. We note, however, that the trial court’s sentencing order addresses mitigating circumstances at length and explains which factors were rejected as unsupported by the evidence. The order further describes the degree of weight allocated to those factors established in the record. We find no error.
And finally, Dailey’s claim that the trial judge erred in failing to disqualify himself on remand because he had imposed death the first time around has already been rejected by this Court. See, e.g., Engle v. Dugger, 576 So.2d 696 (Fla.1991). We find no error.
Based on the foregoing, we affirm the death sentence.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
KOGAN, J., concurs in result only.

. The court found the following aggravating circumstances: The defendant had been previously convicted of a violent felony; the murder was committed during a sexual battery; the murder was committed to avoid arrest; the murder was especially heinous, atrocious, or cruel (HAC); and the murder was committed in a cold, calculated, and premeditated manner (CCP).

. This Court struck the aggravating circumstances of commission to avoid arrest and CCP.

. The court found the following circumstances in aggravation: the defendant had been convicted of another violent felony; the murder was committed during a sexual battery; and HAC.

. The court found the following nonstatutory circumstances in mitigation: Dailey served in the Air Force and saw duty in Viet Nam on three occasions; he was good to his family and helpful around the home; he cared enough for his daughter to allow her to be adopted by his Air Force buddy; he saved two young people from drowning when he was in high school; and he and the victim had been partying and visited some bars together on the night of the murder.

. Dailey alleges that the trial court erred in addressing the following issues: 1) in denying Dai-ley’s motion for an entire new penalty phase; 2) in failing to find and weigh mitigating circumstances; 3) in denying his motion to disqualify the judge.

. Dailey objected to the HAC instruction without further comment, and he objected to the avoid arrest and CCP instructions because there was insufficient evidence.