# Supreme Court of Florida

_____

No. SC17-1073
_____

**JAMES MILTON DAILEY,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[June 26, 2018]

PER CURIAM.

We have for review James Milton Dailey's appeal of the circuit court's order denying Dailey's motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Dailey's motion sought relief pursuant to the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). Dailey responded to this Court's order to show cause arguing why *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), should not be dispositive in this case.

After reviewing Dailey's response to the order to show cause, as well as the State's arguments in reply, we conclude that Dailey is not entitled to relief. Dailey was sentenced to death following a jury's unanimous recommendation for death. *Dailey v. State*, 594 So. 2d 254, 256 (Fla. 1991). On appeal, this Court reversed Dailey's death sentence and "remand[ed] for resentencing before the trial judge." *Id.* at 259. On remand, the trial court again sentenced Dailey to death, and Dailey's sentence of death became final in 1996. *Dailey v. State*, 659 So. 2d 246, 247 (Fla. 1995), *cert. denied*, 516 U.S. 1095 (1996).[1] Thus, *Hurst* does not apply retroactively to Dailey's sentence of death. *See Hitchcock*, 226 So. 3d at 217. Accordingly, we affirm the denial of Dailey's motion.

The Court having carefully considered all arguments raised by Dailey, we caution that any rehearing motion containing reargument will be stricken. It is so ordered.

LABARGA, C.J., and LEWIS, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
CANADY, J., concurs in result.
QUINCE, J., recused.

---

1. In affirming Dailey's death sentence after resentencing, we affirmed the death sentence, rejecting Dailey's arguments that his penalty phase jury's "recommendation of death was invalid and he was entitled to an entire new penalty phase trial before a new jury." *Dailey*, 659 So. 2d at 247-48.

PARIENTE, J., concurring in result.

For reasons I have explained numerous times, despite this Court's precedent, I would apply *Hurst*[2] retroactively to Dailey's sentence of death. *See Hitchcock v. State*, 226 So. 3d 216, 220-23 (Fla.) (Pariente, J., dissenting), *cert. denied*, 138 S. Ct. 513 (2017); *Asay v. State* (*Asay V*), 210 So. 3d 1, 32-37 (Fla. 2016) (Pariente, J., concurring in part and dissenting in part), *cert. denied*, 138 S. Ct. 41 (2017). Applying *Hurst* to Dailey's case, although the jury unanimously recommended death, because this Court struck two aggravators on direct appeal, the *Hurst* error in Dailey's case was not harmless beyond a reasonable doubt. *Dailey v. State*, 594 So. 2d 254, 259 (Fla. 1991). In fact, relying on its arbitrary retroactivity framework, this Court turns a blind eye to the quintessential *Hurst* error—a defendant, without waiver, sentenced to death by a trial judge alone without a jury's reliable, unanimous recommendation for death. *See Dailey v. State*, 659 So. 2d 246, 247 (Fla. 1995), *cert. denied*, 516 U.S. 1095 (1996); *see also Davis v. State*, 207 So. 3d 142, 173-75 (Fla 2016); *Hurst*, 202 So. 3d at 44.

In 1991, after Dailey's penalty phase before a jury, this Court determined that the trial court made several errors in sentencing Dailey to death. *See generally Dailey*, 594 So. 2d 254. In pertinent part, this Court determined that the evidence

2. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

did not establish two aggravating factors that the trial court considered: (1) "that the murder was committed to prevent a lawful arrest," and (2) "that the murder was committed in a cold, calculated, and premeditated manner." *Id.* at 259. Further, this Court determined that the trial court erred in "recogniz[ing] the presence of numerous mitigating circumstances, but then accord[ing] them no weight at all." *Id.* Accordingly, this Court reversed Dailey's sentence of death and remanded for "resentencing before the trial judge." *Id.* On remand, the trial judge, alone, sentenced Dailey to death. *Dailey*, 659 So. 2d at 247.

Of course, this Court's opinion in *Hurst* made clear that the jury is critical to the constitutional imposition of the death penalty. *See* 202 So. 3d at 44, 60. Further, I explained in *Middleton v. State*, 42 Fla. L. Weekly S637, 2017 WL 2374697 (Fla. June 1, 2017), how stricken aggravating factors gravely undermine the critical reliability of a jury's unanimous recommendation for death in the context of a *Hurst* harmless error analysis. *Id.* at *1-2 (Pariente, J., dissenting).

In this case, it is clear that Dailey's penalty phase jury considered invalid aggravating factors in recommending a sentence of death. Therefore, if *Hurst* applied to Dailey's case, this Court could not rely on the jury's unanimous recommendation for death to determine that the *Hurst* error was harmless beyond a reasonable doubt. Even more, when this Court remanded for resentencing, Dailey's sentence of death was reviewed by a single trial judge alone. Thus, as a

result of this Court's arbitrary framework for determining the retroactivity of *Hurst*, Dailey remains under an unconstitutionally unreliable sentence of death.

An Appeal from the Circuit Court in and for Pinellas County,
  Frank Quesada, Judge - Case No. 521985CF007084XXXXNO

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel, Chelsea Rae Shirley, Maria E. DeLiberato, and Julissa R. Fontán, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

  for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Christina Z. Pacheco, Assistant Attorney General, Tampa, Florida,

  for Appellee