448 So.2d 1005 (1984)
Jacob John DOUGAN, Jr., Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, Respondent.
No. 61786.
Supreme Court of Florida.
April 5, 1984.
*1006 Joseph M. Nursey, Atlanta, Ga., for petitioner.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
Dougan has petitioned this Court for a writ of habeas corpus, seeking relief from the affirmance of his conviction of first-degree murder and sentence of death. We have jurisdiction pursuant to article V, subsections 3(b)(7) and (9), Florida Constitution, and grant a new appeal.
We affirmed Dougan's conviction and sentence in Barclay v. State, 343 So.2d 1266 (Fla. 1977), cert. denied, 439 U.S. 892, 99 S.Ct. 249, 58 L.Ed.2d 237 (1978), but subsequently remanded for resentencing because of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). Barclay v. State, 362 So.2d 657 (Fla. 1978). On remand the trial court again sentenced Dougan to death, and we again affirmed. Dougan v. State, 398 So.2d 439 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 367, 70 L.Ed.2d 193 (1981). Dougan then filed this petition asking that we either grant him a new appeal or vacate his death sentence.
Dougan makes two claims in support of his request: 1) his appellate counsel failed to provide effective assistance due both to a conflict of interest and to the failure to raise meritorious legal claims; and 2) this Court's consideration of extra-record material violated Dougan's rights under the fifth, sixth, eighth, and fourteenth amendments to the federal constitution. There is no merit to the second point. Ford v. Strickland, 696 F.2d 804 (11th Cir.), cert. denied, ___ U.S. ___, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983); Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981). We find, however, that the first point has merit.
Dougan's trial attorney, Ernest Jackson, represented Dougan on appeal. Besides Dougan, however, Jackson also handled the appeals for two of Dougan's co-defendants. Jackson filed a combined appeal for Dougan and Elwood Barclay before this Court, and we recently held that Barclay received ineffective assistance of appellate counsel. Barclay v. State, 444 So.2d 956 (Fla. 1984).
It would be difficult, if not impossible to reach a different conclusion regarding Jackson's appellate representation of Dougan. Dougan appears to have been Jackson's primary client on appeal. His efforts on Dougan's behalf, however, were only slightly better than his efforts on Barclay's behalf, which we found to be so deficient that, in effect, Barclay had no appellate representation. Id., slip op. at 4-5. Jackson's representation of Dougan suffered from the same major defects as did his representation of Barclay and simply cannot be found to have met the standard of Knight v. State, 394 So.2d 997 (Fla. 1981).
In Barclay we also found that Jackson had a conflict of interest in representing both Barclay and Dougan. Slip op. at 3. The facts supporting that conclusion are only slightly less compelling here. The state argues both that no conflict existed and that Dougan waived any conflict. As with Barclay, however, there is no evidence that Dougan knew of a possible conflict, knew the possible effect of a conflict, or effectively waived any conflict. Therefore, we also find a conflict of interest in Jackson's appellate representation.
The petition for habeas corpus is granted in order to allow Dougan a new appeal.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., dissents.