# ESPINOSA *v.* FLORIDA

No. 91–7390. Decided June 29, 1992

PER CURIAM.

Under Florida law, after a defendant is found guilty of a capital felony, a separate sentencing proceeding is conducted to determine whether the sentence should be life imprisonment or death. Fla. Stat. § 921.141(1) (1991). At the close of a hearing at which the prosecution and the defense may present evidence and argument in favor of and against the death penalty, *ibid.*, the trial judge charges the jurors to consider "[w]hether sufficient aggravating circumstances exist," "[w]hether sufficient mitigating circumstances exist which outweigh the aggravating circumstances," and "[b]ased on these considerations, whether the defendant should be sentenced to life imprisonment or death." § 921.141(2). The verdict does not include specific findings of aggravating and mitigating circumstances, but states only the jury's sentencing recommendation. "Notwithstanding the recommendation of a majority of the jury," the trial court itself must then "weig[h] the aggravating and mitigating circumstances" to determine finally whether the sentence will be life or death. § 921.141(3). If the trial court fixes punishment at death, the court must issue a written statement of the circumstances found and weighed. *Ibid.*

A Florida jury found petitioner Henry Jose Espinosa guilty of first-degree murder. At the close of the evidence in the penalty hearing, the trial court instructed the jury on aggravating factors. One of the instructions informed the jury that it was entitled to find as an aggravating factor that the murder of which it had found Espinosa guilty was "especially wicked, evil, atrocious or cruel." See § 921.141(h). The jury recommended that the trial court impose death, and the court, finding four aggravating and two mitigating factors, did so. On appeal to the Supreme Court of Florida, petitioner argued that the "wicked, evil, atrocious or cruel" instruction was vague and therefore left the jury with insufficient guidance when to find the existence of the aggravating factor. The court rejected this argument and affirmed, say-

ing: "We reject Espinosa's complaint with respect to the text of the jury instruction on the heinous, atrocious, or cruel aggravating factor upon the rationale of *Smalley* v. *State*, 546 So. 2d 720 (Fla. 1989)." 589 So. 2d 887, 894 (1991).

Our cases establish that, in a State where the sentencer weighs aggravating and mitigating circumstances, the weighing of an invalid aggravating circumstance violates the Eighth Amendment. See *Sochor* v. *Florida*, 504 U. S. 527, 532 (1992); *Stringer* v. *Black*, 503 U. S. 222, 232 (1992); *Parker* v. *Dugger*, 498 U. S. 308, 319–321 (1991); *Clemons* v. *Mississippi*, 494 U. S. 738, 752 (1990). Our cases further establish that an aggravating circumstance is invalid in this sense if its description is so vague as to leave the sentencer without sufficient guidance for determining the presence or absence of the factor. See *Stringer*, *supra*, at 235. We have held instructions more specific and elaborate than the one given in the instant case unconstitutionally vague. See *Shell* v. *Mississippi*, 498 U. S. 1 (1990); *Maynard* v. *Cartwright*, 486 U. S. 356 (1988); *Godfrey* v. *Georgia*, 446 U. S. 420 (1980).

The State here does not argue that the "especially wicked, evil, atrocious or cruel" instruction given in this case was any less vague than the instructions we found lacking in *Shell, Cartwright,* or *Godfrey.* Instead, echoing the State Supreme Court's reasoning in *Smalley* v. *State*, 546 So. 2d, at 722, the State argues that there was no need to instruct the jury with the specificity our cases have required where the jury was the final sentencing authority, because, in the Florida scheme, the jury is not "the sentencer" for Eighth Amendment purposes. This is true, the State argues, because the trial court is not bound by the jury's sentencing recommendation; rather, the court must independently determine which aggravating and mitigating circumstances exist, and, after weighing the circumstances, enter a sentence "[n]otwithstanding the recommendation of a majority of the jury," Fla. Stat. § 921.141(3).

Our examination of Florida case law indicates, however, that a Florida trial court is required to pay deference to a jury's sentencing recommendation, in that the trial court must give "great weight" to the jury's recommendation, whether that recommendation be life, see *Tedder* v. *State,* 322 So. 2d 908, 910 (Fla. 1975), or death, see *Smith* v. *State,* 515 So. 2d 182, 185 (Fla. 1987), cert. denied, 485 U. S. 971 (1988); *Grossman* v. *State,* 525 So. 2d 833, 839, n. 1 (Fla. 1988), cert. denied, 489 U. S. 1071 (1989). Thus, Florida has essentially split the weighing process in two. Initially, the jury weighs aggravating and mitigating circumstances, and the result of that weighing process is then in turn weighed within the trial court's process of weighing aggravating and mitigating circumstances.

It is true that, in this case, the trial court did not directly weigh any invalid aggravating circumstances. But, we must presume that the jury did so, see *Mills* v. *Maryland,* 486 U. S. 367, 376–377 (1988), just as we must further presume that the trial court followed Florida law, cf. *Walton* v. *Arizona,* 497 U. S. 639, 653 (1990), and gave "great weight" to the resultant recommendation. By giving "great weight" to the jury recommendation, the trial court indirectly weighed the invalid aggravating factor that we must presume the jury found. This kind of indirect weighing of an invalid aggravating factor creates the same potential for arbitrariness as the direct weighing of an invalid aggravating factor, cf. *Baldwin* v. *Alabama,* 472 U. S. 372, 382 (1985), and the result, therefore, was error.

We have often recognized that there are many constitutionally permissible ways in which States may choose to allocate capital sentencing authority. See *id.,* at 389; *Spaziano* v. *Florida,* 468 U. S. 447, 464 (1984). Today's decision in no way signals a retreat from that position. We merely hold that, if a weighing State decides to place capital sentencing authority in two actors rather than one, neither actor must be permitted to weigh invalid aggravating circumstances.

The motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment of the Supreme Court of Florida is reversed. We remand for proceedings not inconsistent with this opinion.

*So ordered.*

THE CHIEF JUSTICE and JUSTICE WHITE dissent and would grant certiorari and set the case down for oral argument.

JUSTICE SCALIA, dissenting.

For the reasons given in my opinion in *Sochor* v. *Florida,* 504 U. S. 527, 553 (1992), I dissent from the Court's summary reversal of Espinosa's death sentence. Since the Florida courts found several constitutionally sound aggravating factors in this case, Espinosa's death sentence unquestionably comports with the "narrowing" requirement of *Furman* v. *Georgia,* 408 U. S. 238 (1972). Compliance with that requirement is the only special capital sentencing procedure that the Eighth Amendment demands. See *Walton* v. *Arizona,* 497 U. S. 639, 669–673 (1990) (SCALIA, J., concurring in part and concurring in judgment). I would deny the petition.