614 So.2d 483 (1993)
James Ernest HITCHCOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 72200.
Supreme Court of Florida.
January 28, 1993.
Rehearing Denied March 22, 1993.
Richard L. Jorandby, Public Defender and Steven H. Malone, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.

*484 ON REMAND FROM UNITED STATES SUPREME COURT
PER CURIAM.
In Hitchcock v. Florida, ___ U.S. ___, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992), the United States Supreme Court remanded this case for our reconsideration in light of Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), in which the Court declared our former standard jury instruction on the heinous, atrocious, or cruel aggravator constitutionally inadequate. The trial court gave Hitchcock's jury the inadequate instruction. Hitchcock, however, requested an expanded instruction on that aggravator, objected when the court denied his request, and raised the issue on appeal. We cannot tell what part the instruction played in the jury's consideration of its recommended sentence. Therefore, we vacate Hitchcock's death sentence and direct the trial court to empanel a jury and conduct a new penalty proceeding within ninety days of the date this opinion becomes final.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
GRIMES, J., dissents with an opinion.
GRIMES, Justice, dissenting.
In imposing the sentence of death, the trial judge found the following four aggravating circumstances: (1) committed while under sentence of imprisonment; (2) committed during a sexual battery; (3) committed to avoid or prevent arrest; and (4) especially heinous, atrocious, and cruel. The court found Hitchcock's age of twenty years as a statutory mitigating factor and found nonstatutory mitigation of childhood deprivations, character traits, and the use of drugs and alcohol.
The manner in which Hitchcock killed his brother's thirteen-year-old stepdaughter is set forth in our opinion in Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982):
According to a statement Hitchcock made after his arrest, he returned around 2:30 a.m. and entered the house through a dining room window. He went into the victim's bedroom and had sexual intercourse with her. Afterwards, she said that she was hurt and was going to tell her mother. When she started to yell because he would not let her leave the bedroom, Hitchcock choked her and carried her outside. The girl still refused to be quiet so appellant choked and beat her until she was quiet and pushed her body into some bushes. He then returned to the house, showered, and went to bed.
Id. at 743. As noted by the United States Supreme Court in Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992), we have consistently held that heinousness is properly found if the defendant strangled a conscious victim. Thus, it is clear from the facts recited above that Hitchcock's conduct was properly characterized as especially heinous, atrocious, and cruel. Further, in his closing argument the prosecutor did not emphasize the applicability of this aggravating factor any more than he did any of the others. I do not believe that the failure to instruct on the expanded definition of especially heinous, atrocious, and cruel as requested by Hitchcock would have had any effect on the jury's deliberation. Hence, I conclude that the error was harmless.