615 So.2d 679 (1993)
Louis B. GASKIN, Appellant,
v.
STATE of Florida, Appellee.
No. 76326.
Supreme Court of Florida.
March 18, 1993.
*680 James B. Gibson, Public Defender and Christopher S. Quarles, Asst. Public Defender, Chief, Capital Appeals, Seventh Judicial Circuit, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
BARKETT, Chief Justice.
We have Gaskin v. State, 591 So.2d 917 (Fla. 1991), vacated, ___ U.S. ___, 112 S.Ct. 3022, 120 L.Ed.2d 894 (1992), on remand from the United States Supreme Court for further consideration in light of Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992).[1]
The facts of this case are fully set forth in our previous opinion. The United States Supreme Court in Espinosa found insufficient our former jury instruction on the "especially heinous, atrocious, or cruel" aggravating factor.[2] We must determine what effect, if any, the reading of that same instruction had in Gaskin's case.
We find that although Gaskin argued at trial against the instruction for the "cold, calculated and premeditated" aggravating circumstance,[3] he did not object to the vagueness of the especially heinous, atrocious, or cruel aggravating circumstance instruction at trial, nor did he request a special instruction for this circumstance. Thus, the issue of unconstitutional vagueness as to the jury instruction struck down in Espinosa has not been preserved for review. See, e.g., Ragsdale v. State, 609 So.2d 10 (Fla. 1992).
In addition, were we to address the issue, the reading of the insufficient heinous, atrocious, or cruel aggravating circumstance instruction as it relates to the sentence for the murder of Georgette Sturmfels would be harmless error beyond a reasonable doubt, because the reading of this vague instruction could not have affected the jury's recommendation of death in this case. Therefore, for the reasons stated here and in our earlier decision, we again affirm the two death sentences.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
[2] See § 921.141(5)(h), Fla. Stat. (1987).
[3] See § 921.141(5)(i), Fla. Stat. (1987).