617 So.2d 313 (1993)
Robert Dale HENDERSON, Petitioner,
v.
Harry K. SINGLETARY, etc., et al., Respondent.
Robert Dale HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 81603, 81604.
Supreme Court of Florida.
April 19, 1993.
Certiorari Denied April 20, 1993.
*314 Larry Helm Spalding, Capital Collateral Representative, Martin J. McClain, Chief Asst. CCR and Terri L. Backhus, Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen. and Richard B. Martell, Asst. Atty. Gen., Tallahassee, for respondent/appellee.
Certiorari Denied April 20, 1993. See 113 S.Ct. 1891.
PER CURIAM.
Robert Dale Henderson, a prisoner under three sentences of death and a second death warrant, seeks a stay of execution, appeals the denial of his second motion for postconviction relief and petitions this Court for writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.
The facts of the murders and the procedural history of this case are recited in the prior opinions of this Court and the federal courts. Henderson v. Dugger, 522 So.2d 835 (Fla. 1988); Henderson v. State, 463 So.2d 196 (Fla.), cert. denied, 473 U.S. 916, 105 S.Ct. 3542, 87 L.Ed.2d 665 (1985); Henderson v. Dugger, 925 F.2d 1309 (11th Cir.1991), opinion modified, Henderson v. Singletary, 968 F.2d 1070 (11th Cir.), cert. denied, ___ U.S. ___, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).

RULE 3.850 MOTION
Henderson raised the following claims in his second motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850: 1) the instructions given his jury on the aggravating factors of heinous, atrocious, or cruel and cold, calculated, and premeditated were unconstitutionally vague; 2) Florida's death penalty statute is unconstitutionally vague and overbroad and this facial invalidity was not cured by narrowing instructions; 3) in violation of his sixth, eighth, and fourteenth amendment rights invalid judgments of conviction were relied upon to support his death sentence; and 4) the state withheld files and records pertaining to Henderson's case in violation of chapter 119, Florida *315 Statutes (1991).[1] After an evidentiary hearing, the trial court denied all relief, finding Henderson's claims to be procedurally barred and to allege error that is harmless beyond a reasonable doubt. Henderson seeks review of that denial.
In his first claim, Henderson maintains that the instructions given his jury on the aggravating factors of heinous, atrocious, or cruel and cold, calculated, and premeditated were unconstitutionally vague under the United States Supreme Court's recent decision in Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). The instruction given on the heinous, atrocious, or cruel aggravator was the standard jury instruction found lacking in Espinosa. However, in denying relief the trial court correctly found Henderson's challenges to the heinous, atrocious, or cruel instruction and the standard instruction on the cold, calculated and premeditated aggravator procedurally barred. Although defense counsel requested expanded instructions on both aggravating factors and objected when the standard instructions were given, this claim is procedurally barred because a specific challenge to the instructions was not raised on direct appeal. See James v. State, 615 So.2d 668 (Fla. 1993) (claims that instructions on the heinous, atrocious, or cruel and cold, calculated, and premeditated aggravators are unconstitutionally vague are procedurally barred unless a specific objection is made at trial and pursued on appeal). In fact, the Eleventh Circuit Court of Appeals recently found Henderson's pre-Espinosa claim that these instructions were unconstitutionally vague procedurally barred because the issue had not been raised on direct appeal to this Court. Henderson v. Dugger, 925 F.2d at 1316-17. After its decision in Espinosa, the United States Supreme Court denied Henderson's petition for certiorari review of the Eleventh Circuit's decision. Henderson v. Singletary, ___ U.S. ___, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).
Moreover, we agree with the trial court that any error in connection with these instructions was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). On this record, there is no reasonable possibility the giving of the challenged instructions contributed to the jury's recommendations of death. DiGuilio. Both of these aggravating factors were established beyond a reasonable doubt under any definition of the terms. Slawson v. State, 619 So.2d 255 (Fla. 1993); Thompson v. State, 619 So.2d 261 (Fla. 1993). Moreover, Henderson was convicted of three counts of first-degree murder in this case and previously had been convicted of two counts of first-degree murder in Putnam County. Each of these convictions support the weighty aggravating factor of prior conviction of a capital felony under section 921.141(5)(b), Florida Statutes (1981). In light of the fact that no statutory mitigating factors were established and the nonstatutory mitigating factors presented[2] were of comparatively little weight there is no reasonable possibility the challenged instructions affected the jury's eleven-to-one recommendation of death.
Henderson's second claim also properly was found to be procedurally barred. That portion of the claim challenging Florida's death penalty statute that is merely reargument of Henderson's Espinosa claim is procedurally barred because, as noted above, a specific challenge to the jury instructions was not raised on direct appeal. Likewise, that portion of the second claim that challenges Florida's death penalty statute as facially vague and overbroad is procedurally barred because it was raised and rejected on direct appeal and Espinosa provides no basis for reconsideration of the claim. See Johnson v. Singletary, 612 So.2d 575, 576 n. 1 (Fla. 1993). We also *316 agree with the trial court that even if this claim were not barred, any error would be harmless beyond a reasonable doubt for the reasons set forth in our discussion of claim one.
The trial court properly found Henderson's third claim that his death sentences are based on invalid prior convictions procedurally barred. In this claim, Henderson argues that his two 1982 Putnam County first-degree murder convictions are invalid because his attorney for those offenses, Howard Pearl, rendered ineffective assistance due to the fact that he had a conflict of interest because he was a special deputy sheriff in another county. A claim based on the alleged invalidity of the prior convictions was raised in Henderson's 1987 motion for postconviction relief and found procedurally barred. 522 So.2d at 836 n. [*]. However, the "conflict of interest" claim now alleged was not raised in that motion; nor was it raised within two years after the judgment and sentence became final as required by rule 3.850.[3] Even if Howard Pearl's status as a special deputy could not have been ascertained at the time the original motion was filed, Pearl's status has been public knowledge since this Court's April 20, 1989 decision in Harich v. State, 542 So.2d 980 (Fla. 1989). Thus, the conflict claim is procedurally barred because Henderson failed to raise it within two years of that date. Adams v. State, 543 So.2d 1244, 1246-47 (Fla. 1989) (in accordance with the two-year period set forth in rule 3.850, a defendant must raise any contentions based upon new facts within two years of the time such facts become known).
Moreover, Henderson would be entitled to no relief even if the claim were not barred. Although Henderson sought post-conviction relief in connection with the prior convictions, all relief was denied by the trial court and an appeal of that denial is currently pending before the Fifth District Court of Appeal.[4] Because the Putnam County convictions have not been vacated Johnson v. Mississippi, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), is inapplicable. Tafero v. State, 561 So.2d 557 (Fla.), cert. denied, 495 U.S. 925, 110 S.Ct. 1962, 109 L.Ed.2d 324 (1990); Eutzy v. State, 541 So.2d 1143 (Fla. 1989); Bundy v. State, 538 So.2d 445 (Fla. 1989). Even if the Putnam County convictions were vacated, the aggravating factor of prior conviction of a capital felony would still have been established beyond a reasonable doubt. In this case, Henderson was convicted of three counts of first-degree murder and sentenced to death for each. As noted above, each of these convictions supports the finding of a prior capital felony conviction in connection with the other sentences. Thus, consideration of the Putnam County convictions would be harmless beyond a reasonable doubt because there is ample independent support for this aggravating factor. Tafero, 561 So.2d at 559.

PETITION FOR WRIT OF HABEAS CORPUS
Turning to Henderson's petition for writ of habeas corpus, we reject his claim that appellate counsel was ineffective for failing to challenge the jury instructions on the aggravating factors of heinous, atrocious, or cruel and cold, calculated, and premeditated. Henderson has failed to demonstrate that counsel's performance on appeal was deficient and that there is a reasonable probability that the result of the proceeding would have been different absent the deficient performance. Strickland *317 v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Rose v. State, 617 So.2d 291 (Fla. 1993); Provenzano v. State, 616 So.2d 428 (Fla. 1993).
First, the failure to raise a claim that would have been rejected at the time of the appeal does not amount to deficient performance. See, e.g., Occhicone v. State, 570 So.2d 902, 906 (Fla. 1990) (rejecting claim that Florida's penalty instructions on cold, calculated, and premeditated and heinous, atrocious, or cruel were unconstitutionally vague), cert. denied, ___ U.S. ___, 111 S.Ct. 2067, 114 L.Ed.2d 471 (1991). Moreover, even if we were to find counsel's performance deficient, the failure to raise this claim clearly did not result in prejudice because the claim likely would have been rejected on direct appeal, id., and any error that might have been recognized would have been harmless beyond a reasonable doubt.
Finally, we reject Henderson's apparent claim of fundamental error based on Espinosa.
Accordingly, having found that Henderson is entitled to no relief, we deny the motion for oral argument, the motion for stay of execution, and the petition for writ of habeas corpus and affirm the denial of the rule 3.850 motion. No petition for rehearing will be entertained.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs in result only.
NOTES
[1] The chapter 119 claim was abandoned below and is not raised before this Court.
[2] Henderson presented evidence that 1) he was abused as a child; 2) he had artistic ability; 3) he cooperated with the police and led them to the victims' bodies; and 4) the victims were violent people.
[3] Rule 3.850 provides, in pertinent part, that all motions for postconviction relief shall be filed within two years after the judgment and sentence became final unless it is alleged that

1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence... .
[4] As part of his third claim, Henderson raises an "access to courts" argument that was not presented to the trial court below. He argues that in light of the refusal by the Fifth District Court of Appeal to expedite review of the denial of his motion to vacate his Putnam County convictions the signing of the death warrant denies him access to courts as to those convictions. We do not address this issue because it was not raised below and matters pertaining to the Putnam County convictions are not properly before us. We also decline to direct the Fifth District Court of Appeal to expedite the proceedings before it.