618 So.2d 205 (1993)
William Frederick HAPP, Appellant,
v.
STATE of Florida, Appellee.
No. 74634.
Supreme Court of Florida.
May 20, 1993.
*206 James B. Gibson, Public Defender and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen. and Barbara C. Davis and Kellie A. Nielan, Asst. Attys. Gen., Daytona Beach, for appellee.
PER CURIAM.
We have Happ v. State, 596 So.2d 991 (Fla.), vacated, ___ U.S. ___, 113 S.Ct. 399, 121 L.Ed.2d 325 (1992), on remand from the United States Supreme Court for further consideration in light of Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). We have jurisdiction[1] and again affirm Happ's sentence of death.
In Espinosa, the United States Supreme Court declared our standard jury instruction on the "heinous, atrocious, or cruel" aggravating factor[2] unconstitutionally vague. In accordance with the United States Supreme Court's remand directing us to address the effect of its decision in Espinosa on Happ's sentencing proceeding, we have reviewed our decision in Happ to determine the effect, if any, of the trial court's use of the defective jury instruction.
We find that, although Happ objected to the reading of the defective instruction, his objection was not based on the assertion that the instruction was unconstitutionally vague but on the assertion that the instruction was inapplicable under the circumstances of the case. Accordingly, we find that the vagueness issue was not preserved for review and is procedurally barred. Turner v. Dugger, 614 So.2d 1075 (Fla. 1992). See also Ragsdale v. State, 609 So.2d 10 (Fla. 1992).
Were we to address the issue, we would find that the reading of the defective instruction could not have affected the jury's recommendation of death and that any error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). At trial, the medical examiner testified that the victim's
face and skull were badly bruised and hemorrhaged, that she had multiple scrapes on her back and right heel, that she had suffered ten to twenty hard blows to the head, and that she had been anally raped before death.
Happ, 596 So.2d at 992. The medical examiner also testified that the cause of death was strangulation and that "a person usually chokes for two minutes before losing consciousness." Id. The evidence presented clearly established the "heinous, atrocious, or cruel" aggravating factor. We find that, regardless of the instruction given, the jury would have recommended and the trial judge would have imposed the same sentence. See Thompson v. State, *207 619 So.2d 261 (Fla. 1993); Slawson v. State, 619 So.2d 255 (Fla. 1993).
Accordingly, for the reasons expressed here and in our earlier decision, we affirm Happ's sentence of death.
It is so ordered.
OVERTON, McDONALD, SHAW and GRIMES, JJ., concur.
BARKETT, C.J., and KOGAN, J., concur in result only.
HARDING, J., did not participate in this case.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[2] See § 921.141(5)(h), Fla. Stat. (1987).