PER CURIAM.
Roy Allen Stewart, a prisoner on death row, appeals the trial court’s denial of his third motion for postconviction relief. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla.R.Crim.P. 3.850. We affirm the trial court’s ruling.
In 1979 a jury convicted Stewart of, among other things, first-degree murder and recommended that he be sentenced to death. The trial court imposed a death sentence, and this Court affirmed Stewart’s convictions and sentences. Stewart v. State, 420 So.2d 862 (Fla.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983). After the signing of his first death warrant, Stewart filed a 3:850 motion alleging ineffective assistance of counsel. The trial court found that counsel had been ineffective, but not prejudi-cially so, and denied relief, and this Court affirmed those holdings. Stewart v. State, 481 So.2d 1210 (Fla.1985). When his second death warrant was signed, Stewart filed a petition for writ of habeas corpus with this Court and a second 3.850 motion with the trial court, both of which argued that the death penalty is racially imposed. The trial court denied relief, and this Court affirmed that denial and denied the habeas petition. Stewart v. State, 495 So.2d 164 (Fla.1986); Stewart v. Wainwright, 494 So.2d 489 (Fla.1986). The federal courts also denied Stewart’s petition for relief. Stewart v. Dugger, 877 F.2d 851 (11th Cir.1989), cert. denied, 495 U.S. 962,110 S.Ct. 2575, 109 L.Ed.2d 757 (1990).
In 1990 Governor Martinez signed Stewart’s third death warrant, and Stewart filed a third 3.850 motion raising the following points: 1) violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); 2) malfunctioning electric chair; 3) violation of Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987); 4) unconstitutional burden shift by the instructions; 5) untimeliness of the written findings; and 6) unconstitutionality of the heinous, atrocious, or cruel instruction. The trial court held an evidentiary hearing on the first issue at which numerous law enforcement personnel testified about the investigation and prosecution of the case. Stewart also proffered the testimony of former assistant attorney general Calvin Fox that there was a strong colorable claim of Stewart’s innocence and that he did not think that Stewart should be executed. After the hearing, the court denied the second issue on the merits and held that the other issues were “procedurally barred because they are successive and could have and should have been raised on direct appeal or first or second motions for Post-Conviction relief.”
The court stayed Stewart’s execution, however, and gave him forty-five days to amend the pleadings to raise the claim of factual innocence. The amended motion asked the court to reconsider its ruling on the prejudice part of the test for ineffective assistance of counsel from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and also argued that Stewart did not kill the victim. The court held an evidentia-ry hearing on the amended motion and received testimony from the following, among other, witnesses: 1) Robert Godwin, a former assistant state attorney who sat second chair in Stewart’s case and who is currently with the public defender’s office, testified that because of more familiarity with Stewart’s background through his new job he wrote a letter to the clemency board in 1983 saying that he thought Stewart should not be executed and, also, that he did not think Stewart was innocent; 2) Lance Stelzer, the former assistant state attorney who prosecuted Stewart, testified that in 1986 Godwin asked him to write a letter recommending that Stewart not be executed, but that he would seek the death penalty again if he were prosecuting the case today; 3) Robin Greene, the former assistant public defender who handled postconviction proceedings on Stewart’s first two death warrants, testified that she- was ineffective for not using Godwin’s 1983 letter; 4) Calvin Fox testified that he was concerned about Stewart being executed, not about his guilt; and 5) John Arden, a forensic pathologist, testified that his study of the medical examiner’s report and photo *61 graphs of the victim and the scene did not correspond well with Stewart’s confession. After the evidentiary hearing, the Court held that the ineffective assistance of counsel claim was procedurally barred and that the claim of innocence had no factual support.
In Jones v. State, 591 So.2d 911, 915 (Fla.1991), wé held that claims of newly discovered evidence should be raised in motions for postconvietion relief and that “the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.” (Emphasis in original.) Stewart now argues that the trial court failed to apply the Jones standard to his claim of factual innocence. Jones, however, is inapplicable to the instant case.
At trial the theory of defense was that Stewart did not kill the victim. The jury obviously did not believe this defense because it convicted Stewart of first-degree murder. The witnesses at the evidentiary hearing on the amended motion testified that they did not think Stewart was innocent, just that they had rethought their prior positions on the propriety and efficacy of the death penalty. Nothing presented at the evidentia-ry hearing constituted newly discovered evidence that probably would have produced an acquittal. Thus, as the trial court correctly found, the record does not support the claim that newly discovered evidence demonstrated his innocence.
In his first 3.850 motion Stewart argued that his trial counsel were ineffective for spending “too much time preparing for the guilt phase of his trial and too little time preparing for the penalty proceeding.” Stewart, 481 So.2d at 1211. Under Strickland v. Washington substandard performance that prejudiced the defendant must be shown to demonstrate ineffective ^assistance of counsel. The trial court found that the first part of the test had been met, but that the second had not. The defense presented some mitigating evidence at the penalty phase, and neither the trial court nor this Court on appeal saw any reasonable probability that additional mitigating evidence would have changed the outcome. Stewart, 481 So.2d at 1212; see also Stewart, 877 F.2d at 855-56.
Now, Stewart argues that he is “innocent of the death penalty” and that the prejudice part of the test for ineffectiveness should be reconsidered. This is reargument of the claim of ineffectiveness, which is not proper in successive postconviction motions. E.g., Davis v. State, 589 So.2d 896 (Fla.1991); Francis v. Barton, 581 So.2d 583 (Fla.), cert. denied, — U.S. -, 111 S.Ct. 2879, 115 L.Ed.2d 1045 (1991). The trial court therefore correctly found this claim to be procedurally barred.
The trial court also correctly found the issues in the original third 3.850 motion meritless or procedurally barred, and only one of those issues needs to be discussed now. Espinosa v. Florida, — U.S. -, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), invalidated the former standard jury instruction on the heinous, atrocious, or cruel aggravator, and Stewart relies on Espinosa to argue that he should be resentenced. Stewart, however, objected at trial to the applicability of that aggravator to the facts of this case, not to the vagueness of the aggravator’s instruction. This issue, therefore, has not been preserved for review. Thompson v. State, 619 So.2d 261 (Fla.), cert. denied, — U.S. -, 114 S.Ct. 445, 126 L.Ed.2d 378 (1993); Happ v. State, 618 So.2d 205 (Fla. 1993); Gaskin v. State, 615 So.2d 679 (Fla. 1993). Even if the issue were not procedurally barred, we would find it to have no merit because, under any definition of the terms, this murder was heinous, atrocious, or cruel beyond any reasonable doubt. Therefore, we affirm the trial court’s denial of relief.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.