636 So.2d 16 (1994)
STATE of Florida, Petitioner,
v.
Michael H. SALMON, Judge, Respondent.
STATE of Florida, Appellant,
v.
Roy Allen STEWART, Appellee.
Nos. 83507, 83509.
Supreme Court of Florida.
April 18, 1994.
Robert A. Butterworth, Atty. Gen., Fariba N. Komeily, Asst. Atty. Gen., Katherine Fernandez Rundle, State Atty., Miami, for petitioner/appellant.
Michael J. Minerva, Capital Collateral Representative, Stephen M. Kissinger, and Daren L. Shippy, Asst. Capital Collateral Representatives, Office of Capital Collateral Representative, Tallahassee, for respondent/appellee.
McDONALD, Justice.
The State appeals an order of the Circuit Court, Eleventh Judicial Circuit, which granted Stewart's motion for rehearing from that court's previous order denying Stewart relief in his fourth petition for review of his death sentence. In the rehearing order, the trial judge granted a stay of Stewart's scheduled execution and ordered an evidentiary hearing on the issue of trial counsel's ineffectiveness for failure to object to the form of the instruction on the aggravating circumstance of "especially heinous, atrocious, or cruel." We have jurisdiction pursuant to *17 article V, sections 3(b)(1), (7), and (9), of the Florida Constitution. We quash the order granting an evidentiary hearing and vacate the stay of execution.
Stewart was convicted of first-degree murder and sentenced to death in 1979. We affirmed. Stewart v. State, 420 So.2d 862 (Fla. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983). We have affirmed the denials of three 3.850 motions. Stewart contends that he is entitled to this fourth motion because of the decision of Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). Espinosa was an issue we addressed in Stewart's last appeal. We held that Espinosa was not applicable because no objection to the wording of the instruction was made at trial, thus adhering to our decision of Melendez v. State, 612 So.2d 1366 (Fla. 1992), cert. denied, ___ U.S. ___, 114 S.Ct. 349, 126 L.Ed.2d 313 (1993). In James v. State, 615 So.2d 668 (Fla. 1993), we held that the Espinosa ruling could be considered when an objection to the standard instruction and a requested expanded instruction had been made. Stewart now argues that he can raise an ineffective counsel claim because trial counsel did not adequately object to the form of the instruction. In our last Stewart appeal we did not explore or specifically address Stewart's present contention. We did hold, however, that a more adequately defined instruction would have made no difference because the acts perpetrated by Stewart on his victim clearly were especially heinous, atrocious, and cruel under any definition.[1] Inexplicably, the trial judge treated that part of our opinion as dicta. In doing so he erred. In fact, this finding was an additional reason for denying relief on the Espinosa claim.
We have consistently held that deficient performance of trial counsel is not a basis for relief when that deficiency is not likely to affect the outcome of the case. In Stewart's proceedings we have held, and now reiterate, that if the instruction given at trial on the heinous, atrocious, and cruel aggravator was inadequate or needed to be expanded, it would not affect the outcome of the case nor the finding that his conduct met this aggravating circumstance. The facts clearly demonstrated the applicability of the aggravator under any correct definition. Thus, Stewart's counsel's failure to object to the wording of the instruction is of no consequence and cannot be the basis for further proceedings.
All of Stewart's other allegations have been made previously or certainly could have been made. Although he has not prevailed, he has had multiple opportunities to persuade us of the wrongness of his conviction or the correctness of the death appeal. The trial judge erred in granting a stay of execution and conducting further proceedings. Those orders are vacated, the petition for post conviction relief is denied, and the Governor's death warrant may proceed.
It is so ordered.
OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., did not participate in this case.
NOTES
[1] The trial judge defined heinous and atrocious for the jury using the then existing standard jury instructions.