644 So.2d 484 (1994)
Jacob John DOUGAN, Jr., Petitioner,
v.
Harry K. SINGLETARY, Etc., Respondent.
No. 83398.
Supreme Court of Florida.
September 8, 1994.
Rehearing Denied November 14, 1994.
Richard H. Burr III, NAACP Legal Defense Fund, New York City, for petitioner.
Robert A. Butterworth, Atty. Gen. and Richard B. Martell, Chief Capital Appeals, Office of Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
This is a petition for habeas corpus in which Dougan seeks to vacate his sentence of death. We have jurisdiction under article V, section 3(b)(1) and (9) of the Florida Constitution.
Dougan, along with codefendant Barclay, was originally convicted of first-degree murder and sentenced to death in 1975. The convictions and sentences were affirmed. Barclay v. State, 343 So.2d 1266 (Fla. 1977), cert. denied, 439 U.S. 892, 99 S.Ct. 249, 58 L.Ed.2d 237 (1978). This Court, however, later vacated the death sentences to assure that the dictates of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), had been followed. Barclay v. State, 362 So.2d 657 (Fla. 1978). Following a resentencing proceeding, Dougan was again sentenced to death, and this Court once again affirmed. Dougan v. State, 398 So.2d 439 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 367, 70 L.Ed.2d 193 (1981).
Dougan then petitioned this Court for habeas corpus relief, contending that the single attorney who had represented him and Barclay in their prior appeals had labored under a conflict of interest, and this Court ordered a new appeal. Barclay v. Wainwright, 444 So.2d 956 (Fla. 1984); Dougan v. Wainwright, 448 So.2d 1005 (Fla. 1984). In Dougan's subsequent appeal, this Court affirmed the conviction but remanded for a second resentencing. Dougan v. State, 470 So.2d 697 (Fla. 1985), cert. denied, 475 U.S. 1098, 106 S.Ct. 1499, 89 L.Ed.2d 900 (1986).
In the new resentencing proceeding, the jury recommended the death sentence by a vote of nine to three. The trial judge found the existence of three aggravating circumstances, to wit: (1) committed during a kidnapping; (2) heinous, atrocious, or cruel; and (3) committed in a cold, calculated, and premeditated manner. The judge held that Dougan's nonstatutory mitigating evidence did not mitigate the penalty. This Court once again affirmed the sentence of death. Dougan v. State, 595 So.2d 1 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 383, 121 L.Ed.2d 293 (1992).
Dougan now contends that he is entitled to be resentenced because in his last resentencing proceeding the judge gave the jury instruction on heinous, atrocious, or cruel which was found wanting in Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). Dougan argues that the death sentence was tainted because the jury *485 presumably weighed an invalid aggravating factor.
Despite the State's argument to the contrary, we believe that Dougan sufficiently preserved his right to raise the point by having submitted to the trial judge a requested jury instruction consistent with State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974), and in attacking the sufficiency of the faulty instruction on appeal. See Atwater v. State, 626 So.2d 1325 (Fla. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1578, 128 L.Ed.2d 221 (1994). Therefore, it becomes incumbent on this Court to determine whether or not the giving of the improper jury instruction was harmless error. James v. State, 615 So.2d 668 (Fla. 1993).
At the outset, it is difficult to see how the erroneous jury instruction could have affected the ultimate sentence of death because the judge specifically stated in his sentencing order that he had arrived at his sentencing determination independent of the jury's advisory sentence. In any event, upon the facts of this case, we hold that the Espinosa error was harmless beyond a reasonable doubt.
With reference to the facts, we noted in our most recent opinion:
The trial judge accurately set forth the facts of this murder in his sentencing order:
The four defendants, Jacob John Dougan, Elwood Clark Barclay, Dwyne Crittendon, and Brad W. Evans, were part of a group that termed itself the "Black Liberation Army" (BLA), and whose apparent sole purpose was to indiscriminately kill white people and thus start a revolution and racial war.
Dougan was the group's unquestioned leader and it was he who conceived the murderous plan. Apparently he did not have to break down a wall of morality to induce Barclay, Crittendon, and Evans to participate  but it was Dougan's plan  and he pushed it through to murderous finality. The act of Dougan in firing the fatal shots and his leadership were undoubtedly reasons the jury recommended death only for him.
The trial testimony showed that on the evening of June 17, 1974, the four defendants and William Hearn (who testified for the State) all set out in a car armed with a pistol and a knife with the intent to kill a "devil"  the "devil" being any white person they came upon under such advantageous circumstances that they could murder him, her, or them.
As they drove around Jacksonville, they made several stops and observed a number of white persons as possible victims, but decided the circumstances were not advantageous and that they might be seen and/or thwarted by witnesses. At one stop, Dougan wrote out a note  which was to be placed on the body of the victim ultimately chosen for death.
Eventually, the five men drove towards Jacksonville Beach, where they picked up a white hitchhiker, 18-year-old Stephen Anthony Orlando. Against Orlando's will and over his protest, they drove him to an isolated trash dump, ordered him out of the car, stabbed him repeatedly, and threw him to the ground. As the 18-year-old youth writhed in pain and begged for his life, Dougan put his foot on Orlando's head and shot him twice  once in the chest and once in the ear  killing him instantly.
Subsequent to the murder, Dougan made several tape recordings bragging about the murder, which were mailed to the victim's mother as well as to the media. The following excerpt from one of the tapes aptly illustrates the content:
The reason Stephen was only shot twice in the head was because we had a jive pistol. It only shot twice and then it jammed; you can tell it must have been made in America because it wasn't worth a shit. He was stabbed in the back, in the chest and the stomach, ah, it was beautiful. You should have seen it. Ah, I enjoyed every minute of it. I loved watching the blood gush from his eyes.

*486 The jury recommended the death sentence by a vote of nine to three. The trial court found three aggravating circumstances and no mitigating circumstances and sentenced Dougan to death. Dougan raises numerous points on appeal, only some of which merit discussion.
Dougan, 595 So.2d at 2-3 (footnote omitted).
We conclude that the jury could not have been misled by the inadequate instruction because the crime was especially heinous, atrocious, or cruel under any standard. See Davis v. State, 620 So.2d 152 (Fla. 1993) (Espinosa error harmless where "facts are so indicative of the aggravating factor `heinous, atrocious, or cruel' that we are convinced upon review that there is no reasonable possibility that the faulty instruction contributed to the sentence"), cert. denied, ___ U.S. ___, ___, 114 S.Ct. 1205, 127 L.Ed.2d 552 (1994); Foster v. State, 614 So.2d 455 (Fla. 1992) (Espinosa error harmless where victim was beaten and stabbed to death after begging for mercy), cert. denied, ___ U.S. ___, 114 S.Ct. 398, 126 L.Ed.2d 346 (1993); Melendez v. State, 612 So.2d 1366 (Fla. 1992) (Espinosa error harmless under similar circumstances), cert. denied, ___ U.S. ___, 114 S.Ct. 349, 126 L.Ed.2d 313 (1993). Further, there were two other strong aggravating circumstances and only minimal mitigation.
We deny the petition for habeas corpus.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, HARDING and WELLS, JJ., concur.
SHAW, J., and McDONALD, Senior Justice, dissent.