[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11705

_____

D.C. Docket No. 1:12-cv-21894-JIC

MARBEL MENDOZA,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 23, 2020)

Before WILSON, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

This appeal requires us to decide whether the district court abused its

discretion when it denied Marbel Mendoza's motion to reconsider an order

denying him substitute counsel to pursue an original writ of habeas corpus in the Supreme Court. Mendoza, whom Florida sentenced to death for the murder of Conrado Calderon, moved for substitute counsel to petition for an Original Writ based on two claims that his death sentence is invalid. The district court denied his motion because it concluded the two claims Mendoza seeks to raise in the petition were futile. Because that conclusion was not manifest error, we affirm the denial of Mendoza's motion to reconsider.

## I. BACKGROUND

In 1992, Marbel Mendoza robbed, shot, and killed Conrado Calderon outside Calderon's home. Two years later, Florida convicted Mendoza and sentenced him to death for the murder. The Florida Supreme Court affirmed his conviction and death sentence on direct appeal, and Florida courts later denied him postconviction relief.

In 2012, Mendoza filed a federal petition for a writ of habeas corpus, 28 U.S.C. § 2254, which the district court denied. After we granted Mendoza a certificate of appealability for his claim of ineffective assistance of counsel in the penalty phase of his trial, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984), we affirmed the denial of his petition. *Mendoza v. Sec'y, Fla. Dep't of Corr.*, 761 F.3d 1213, 1215 (11th Cir. 2014). The Supreme Court denied Mendoza's petition for a writ of certiorari. *Mendoza v. Jones*, 575 U.S. 941 (2015).

2

In 2015, Mendoza moved for the appointment of substitute counsel to petition for an Original Writ. Mendoza planned to raise several claims in his petition, including the claim that his death sentence is invalid under *Enmund v. Florida*, 458 U.S. 782 (1982), and *Tison v. Arizona*, 481 U.S. 137 (1987), because no factfinder ever determined that he killed, intended to kill, or committed a crime with reckless indifference to human life. Although Mendoza was represented by Florida's Capital Collateral Regional Counsel-South, which had represented him throughout his state and federal postconviction proceedings, he argued the district court should appoint him substitute or supplemental counsel to pursue an Original Writ. According to Mendoza, his current counsel could not effectively pursue an Original Writ on the claims he sought to raise because that would require them to admit their ineffectiveness for failing to raise the claims in earlier collateral proceedings.

The district court denied Mendoza's motion, and we affirmed. *Mendoza v. Sec'y, Fla. Dep't of Corr.*, 659 F. App'x 974, 976 (11th Cir. 2016). We held that the district court did not abuse its discretion by denying Mendoza's motion for substitute counsel because "each of the claims Mendoza [sought] to raise in an original habeas petition to the U.S. Supreme Court would be futile." *Id.* at 982. As to his claim under *Enmund* and *Tison*, we explained that the jury at Mendoza's trial "heard an *Enmund/Tison* instruction" and that the sentencing court found that he

3

"fired the fatal shots," so his claim was futile. *Id.* at 979 (internal quotation marks omitted).

In 2019, Mendoza moved a second time for the appointment of substitute counsel to petition for an Original Writ. This time, he explained that he planned to bring two claims in the petition: the claim under *Enmund* and *Tison* discussed above, and a claim under *Espinosa v. Florida*, 505 U.S. 1079, 1080 (1992), and *Lewis v. Jeffers*, 497 U.S. 764, 766 (1990), that the aggravating circumstance Florida used to impose his death sentence was unconstitutionally vague. He again argued that his current counsel could not effectively pursue an Original Writ without admitting their "beyond negligence" in failing to previously raise these claims.

The district court again denied Mendoza's motion for new counsel. It explained that no conflict of interest prevented Mendoza's current counsel from petitioning for an Original Writ if warranted. And in any event, it ruled that the two claims Mendoza planned to present in his petition were futile. Based on the absence of a conflict and the futility of Mendoza's claims, the district court concluded that it was not in the interests of justice to appoint Mendoza substitute counsel.

Mendoza then moved for reconsideration of the order denying his second motion for new counsel, Fed. R. Civ. P. 59(e), but the district court denied his

4

motion. Mendoza argued that the district court manifestly erred in making a merits determination of his claims in the course of deciding that it was not in the interests of justice to appoint new counsel to file a futile petition for an Original Writ. The district court rejected this argument. It explained that the Supreme Court decisions on which Mendoza relied to establish manifest error, *see Martinez v. Ryan*, 566 U.S. 1 (2012), and *Slack v. McDaniel*, 529 U.S. 473 (2000), did not address the standard for appointing habeas petitioners substitute counsel, which was instead governed by another decision, *see Martel v. Clair*, 565 U.S. 648 (2012).

Mendoza appealed the denial of his second motion for substitute counsel and the denial of his motion for reconsideration. We dismissed for lack of jurisdiction the part of the appeal that challenged the order denying Mendoza's second motion to substitute counsel. But we allowed the appeal to proceed as to the order denying Mendoza's motion for reconsideration.

## II. STANDARD OF REVIEW

We review the denial of a motion for reconsideration, Fed. R. Civ. P. 59(e), for an abuse of discretion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Id.* (alteration adopted) (internal quotation marks omitted).

5

### III. DISCUSSION

When a habeas petitioner in a capital case moves for substitute counsel, a district court must decide the motion "in the interests of justice." *Clair*, 565 U.S. at 658 (internal quotation marks omitted). That standard "contemplates a peculiarly context-specific inquiry." *Id.* at 663. Because the decision whether to substitute counsel "is so fact-specific," a district court's disposition of a substitution motion "deserves deference," and "a reviewing court may overturn it only for an abuse of discretion." *Id.* at 664. Among the factors a reviewing court may consider are "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint." *Id.* at 663. A district court may deny a motion to substitute counsel "even without the usually appropriate inquiry" where the claims a petitioner seeks to pursue with the help of new counsel are futile. *Id.* at 666.

To obtain reversal of the order denying his motion for reconsideration, Mendoza must establish that the district court manifestly erred in denying his motion for substitute counsel. *See Arthur*, 500 F.3d at 1343. The district court concluded that the two claims Mendoza seeks to pursue with the help of substitute counsel are futile, and that conclusion, if correct, was sufficient to deny Mendoza substitute counsel. *See Clair*, 565 U.S. at 666; *Mendoza*, 659 F. App'x at 978, 982. Mendoza has failed to establish that the district court manifestly erred, so we must

6

affirm.

The district court did not manifestly err in concluding that Mendoza's claim under *Enmund* and *Tison* was futile. We previously held that the *Enmund* and *Tison* claim was futile and so did not justify appointing Mendoza new counsel when he appealed the denial of his first motion for substitute counsel. *Mendoza*, 659 F. App'x at 978–79. That holding is now the law of the case, and the district court did not abuse its discretion in adhering to it. *See United States v. Anderson*, 772 F.3d 662, 668–70 (11th Cir. 2014).

Nor did the district court manifestly err in concluding that Mendoza's claim under *Espinosa* and *Jeffers* was futile. In *Espinosa*, the Supreme Court held that Florida's aggravating factor that a murder was "especially wicked, evil, atrocious or cruel" was unconstitutionally vague because it left "the sentencer without sufficient guidance for determining the presence or absence of the factor." 505 U.S. at 1080–81 (internal quotation marks omitted). The Court in *Jeffers* rejected a challenge to an Arizona aggravating factor because the Arizona Supreme Court construed the factor in a manner that "channel[ed] the sentencer's discretion by clear and objective standards that provide specific and detailed guidance, and that make rationally reviewable the process for imposing a sentence of death." 497 U.S. at 777–78 (internal quotation marks omitted). Mendoza asserts that Florida sentenced him to death using the aggravating factor that he acted with "reckless

7

indifference to human life," which he contends was too vague under *Espinosa* and *Jeffers* to channel his sentencer's discretion. But as the state points out, Florida did not use that aggravating factor to sentence Mendoza to death.

Mendoza does not contend that any of the three aggravating circumstances the sentencing jury and judge weighed are invalid under *Espinosa* and *Jeffers*. The trial court instructed Mendoza's advisory sentencing jury that it could recommend a death sentence if it found any of the following aggravating circumstances and determined that they were not outweighed by any mitigating circumstances: (1) "[t]he defendant has been previously convicted of another felony involving the use of violence to some person"; (2) "[t]he crime for which the defendant is to be sentenced was committed while he was engaged, or an accomplice in the commission, or an attempt to commit or flight after committing or attempting to commit the crime of robbery and/or burglary"; or (3) "[t]he crime for which the defendant is to be sentenced was committed for financial gain." After the jury recommend a death sentence, the sentencing court found that all three aggravating circumstances existed, although it considered the second and third circumstances as a single aggravating factor. The sentencing court determined that the mitigating evidence did not outweigh the aggravating circumstances, and it sentenced Mendoza to death. Because Florida did not sentence Mendoza to death using an invalid aggravating factor, the district court did not manifestly err in concluding

8

that his claim under *Espinosa* and *Jeffers* was futile.

## IV. CONCLUSION

We **AFFIRM** the denial of Mendoza's motion for reconsideration.